**TROUTMAN PEPPER HAMILTON SANDERS LLP**

Elizabeth Holt Andrews (SBN 263206)
elizabeth.andrews@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, California 94111-4057
Telephone:   415.477.5700
Facsimile:   415.477.5710

Misha Tseytlin (*pro hac vice* pending)
misha.tseytlin@troutman.com
Sean T.H. Dutton (*pro hac vice* pending)
sean.dutton@troutman.com
227 W. Monroe Street, Suite 3900
Chicago, IL 60606-5085
Telephone:   312.759.1920
Facsimile:   312.759.1939

Charles Sensiba (*pro hac vice* pending)
charles.sensiba@troutman.com
401 9th Street N.W., Suite 1000
Washington, D.C. 20004
Telephone:   202.274.2850
Facsimile:   202.274.2994

Andrea W. Wortzel (*pro hac vice* pending)
andrea.wortzel@troutman.com
1001 Haxall Point, 15th Floor
Richmond, VA 23219
Telephone:   804.697.1406
Facsimile:   804.697.1339

*Attorneys for Proposed Intervenor National Hydropower Association*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| STATE OF CALIFORNIA, BY AND THROUGH ATTORNEY GENERAL XAVIER BECERRA AND THE STATE WATER RESOURCES CONTROL BOARD, STATE OF WASHINGTON, STATE OF NEW YORK, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF ILLINOIS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH CAROLINA, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WISCONSIN, AND THE DISTRICT OF COLUMBIA,<br><br>          Plaintiffs,<br><br>    v.<br><br>ANDREW R. WHEELER, IN HIS OFFICIAL CAPACITY AS ADMINISTRATOR OF THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, AND THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>          Defendants. | Case No.  3:20-CV-04869-WHA<br>(Related Case No. 3:20-CV-04636-WHA)<br><br>**DECLARATION OF DENNIS CAKERT IN SUPPORT OF PROPOSED INTERVENOR NATIONAL HYDROPOWER ASSOCIATION'S MOTION TO INTERVENE**<br><br>Date:        October 15, 2020<br>Time:       8:00 AM<br>Judge:      Hon. William H. Alsup<br>Action Filed: July 21, 2020<br>Courtroom:  Zoom |

# DECLARATION OF DENNIS CAKERT

I, Dennis Cakert, do hereby declare that the following statements made by me under oath are true and accurate to the best of my knowledge, information, and belief:

1. I am over the age of 18 and am otherwise competent to render this declaration.

2. I am the Manager of Regulatory Affairs and Market Policy at the National Hydropower Association ("NHA").

3. In this role, I am familiar with NHA's regulatory agenda and goals, and the particular concerns of NHA's members, especially those involved in the business of operating hydroelectric facilities, who are impacted by the Clean Water Act Section 401 regulations at issue in this case.

4. NHA is a nonprofit national association dedicated to promoting the growth of clean, affordable hydropower in the United States. *See Who We Are*, Nat'l Hydropower Ass'n, Hydro.org.[1] NHA seeks to secure hydropower's place as a climate-friendly, renewable, and reliable energy source that serves environmental, energy, and economic policy objectives. *Id.*

5. To that end, NHA acts as a powerful advocacy voice for the industry, developing relationships with U.S. decision makers, the general public, and the international community in order to influence energy and environmental policy and exchange valuable information. *Id.*

6. NHA represents over 200 companies in the North American hydropower industry, from Fortune 500 companies to family-owned small businesses. These businesses include both public- and investor-owned hydropower utilities, and independent power producers. *Id.* In fact, NHA's members own the majority of non-federal waterpower-generating facilities in the United States. *Id.*

7. For over 100 years, hydropower has been a source of clean, affordable, and renewable energy in America. *See Hydropower*, Nat'l Hydropower Ass'n, Hydro.org.[2]

---

[1] Available at https://www.hydro.org/about/who-we-are/.
[2] Available at https://www.hydro.org/waterpower/hydropower/.

8.       In 2019, hydroelectricity "accounted for about 6.6% of total U.S. utility-scale electricity generation and 38% of total utility-scale renewable electricity generation." *Hydropower Explained*, U.S. Energy Info. Admin., EIA.gov (last updated Mar. 30, 2020).[3]

9.       Today, there are 2,198 active hydropower plants, 48 states have hydropower facilities, and hydropower generates more than 10% of all electricity in 10 different states. *Hydropower*, Nat'l Hydropower Ass'n, *supra*.

10.      In California, for example, hydropower generated by 386 dams accounts for 15% of total energy produced in the supply chain. *California: Supply Chains*, Nat'l Hydropower Ass'n, Hydro.org.[4]

11.      Furthermore, hydropower enables other renewable energy sources, such as wind and solar, greater integration into the power grid, by remaining ready to produce power during periods of those sources' lower production. *Hydropower*, Nat'l Hydropower Ass'n, *supra*.

12.      Despite being one of the safest and cleanest forms of energy available, hydropower projects are subject to several complex regulatory regimes and an extensive regulatory approval process, requiring compliance with policies and procedures of the Federal Energy Regulatory Commission, federal and state resource agencies, and, most relevant here, state agencies exercising delegated authority under Section 401 of the Clean Water Act, 33 U.S.C. § 1341, under implementing regulations promulgated by the United States Environmental Protection Agency ("EPA"). *See Key Policies for Hydro*, Nat'l Hydropower Ass'n, Hydro.org.[5]

13.      While these regimes and processes offer important safeguards for public resources, there is also confusion about the scope and implementation process for Section 401. This confusion can threaten to delay unnecessarily hydropower projects and thus impact the deployment of clean, renewable hydropower and the environmental benefits associated with hydropower. *Id.* This is particularly true, as nearly all hydropower projects not owned by the federal government are subject to Section 401.

---

[3] Available at https://www.eia.gov/energyexplained/hydropower/ (footnote omitted).
[4] Available at https://www.hydro.org/map/supply-chains/?state=CA.
[5] Available at https://www.hydro.org/policy/priorities/.

14. NHA and its members receive significant benefits from the EPA's final rule entitled "Clean Water Act Section 401 Certification Rule." 85 Fed. Reg. 42,210 (July 13, 2020). This rule will serve to resolve longstanding confusion and conflict, curbing state overreach under the auspices of the Clean Water Act and ensuring that the requirements imposed by states on hydropower facilities are within the scope and timelines established by Congress in Section 401.

15. For example, the final rule clarifies that a Clean Water Act Section 401 certification "is limited to assuring that a discharge from a Federally licensed or permitted activity will comply with water quality requirements," defined as "applicable provisions of §§ 301, 302, 303, 306, and 307 of the Clean Water Act, and state or tribal regulatory requirements *for point source discharges* into waters of the United States." 85 Fed. Reg. at 42,285 (emphasis added) (quoting proposed rules 40 C.F.R. §§ 121.1(n) & 121.3).

16. The rule also requires all conditional grants or denials to be accompanied by sufficient justifications, with citation to the water quality standard implicated by the project. *Id.* at 42,286 (quoting proposed rule 40 C.F.R. § 121.7).

17. Furthermore, the rule complies with the plain statutory text of Section 401 by clarifying that States may not evade the one-year-maximum period for acting on a permit application. *Id.* at 42,235, 42,261.

18. All these features of the rule, as well as other, related features, resolve confusion regarding the scope and review process associated with Section 401 and reduce the potential for state abuse of the Section 401 certification requirement.

19. Should Plaintiffs' lawsuit succeed, NHA's members will lose these protections and the certainty afforded by the EPA's rulemaking, thereby undermining the cooperative federalism envisioned and established by Section 401. NHA and its members thus have significant interests in the outcome of this litigation.

///

///

///

///

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Sudbury, Massachusetts on this 1st day of September, 2020.

_____

Dennis Cakert