**TROUTMAN PEPPER HAMILTON SANDERS LLP**

Elizabeth Holt Andrews (SBN 263206)
elizabeth.andrews@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, California 94111-4057
Telephone:     415.477.5700
Facsimile:      415.477.5710

Misha Tseytlin (*pro hac vice* pending)
misha.tseytlin@troutman.com
Sean T.H. Dutton (*pro hac vice* pending)
sean.dutton@troutman.com
227 W. Monroe Street, Suite 3900
Chicago, IL 60606-5085
Telephone:     312.759.1920
Facsimile:      312.759.1939

Charles Sensiba (*pro hac vice* pending)
charles.sensiba@troutman.com
401 9th Street N.W., Suite 1000
Washington, D.C. 20004
Telephone:     202.274.2850
Facsimile:      202.274.2994

Andrea W. Wortzel (*pro hac vice* pending)
andrea.wortzel@troutman.com
1001 Haxall Point, 15th Floor
Richmond, VA 23219
Telephone:     804.697.1406
Facsimile:      804.697.1339

*Attorneys for Proposed Intervenor
National Hydropower Association*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| STATE OF CALIFORNIA, BY AND THROUGH ATTORNEY GENERAL XAVIER BECERRA AND THE STATE WATER RESOURCES CONTROL BOARD, STATE OF WASHINGTON, STATE OF NEW YORK, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF ILLINOIS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH CAROLINA, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WISCONSIN, AND THE DISTRICT OF COLUMBIA,<br><br>                    Plaintiffs,<br><br>          v.<br><br>ANDREW R. WHEELER, IN HIS OFFICIAL CAPACITY AS ADMINISTRATOR OF THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, AND THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>                    Defendants. | Case No.  3:20-CV-04869-WHA<br>Related Case No. 3:20-CV-04636-WHA<br><br>**INTERVENOR NATIONAL HYDROPOWER ASSOCIATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT** |

Intervenor National Hydropower Association ("NHA"), by and through its Counsel, Troutman Pepper Hamilton Sanders LLP, makes this Answer to Plaintiffs' Complaint in the above-captioned case. Furthermore, under Federal Rule of Civil Procedure 8(b), NHA denies each and every allegation and heading contained in Plaintiffs' Complaint except for those expressly admitted herein.

**INTRODUCTION**

1.1     Admitted that this lawsuit challenges a final rule issued by Defendants—Andrew R. Wheeler, in his official capacity as Administrator of the United States Environmental Protection Agency, and the United States Environmental Protection Agency ("EPA")—entitled "Clean Water Act Section 401 Certification Rule," 85 Fed. Reg. 42,210 (July 13, 2020) ("Rule"). NHA otherwise denies the allegations in this paragraph.

1.2     This paragraph cites and quotes federal statutes, which speak for themselves. To the extent this paragraph asserts factual allegations, NHA denies them.

1.3     This paragraph cites and quotes federal statutes, which speak for themselves. NHA lacks sufficient knowledge or information to form a belief about the truth of the allegation that "State standards, including those of the Plaintiff States, may be and frequently are more protective," and therefore denies it. NHA otherwise denies the allegations in this paragraph.

1.4     This paragraph cites and quotes a federal statute, which speaks for itself. To the extent this paragraph asserts factual allegations, NHA denies them.

1.5     This paragraph cites and quotes a federal statute, which speaks for itself. To the extent this paragraph asserts factual allegations, NHA denies them.

1.6     This paragraph vaguely refers to EPA actions and court decisions not cited or referenced therein. Accordingly, NHA lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.

1.7     The text of Executive Order 13,868, which President Trump issued on April 10, 2019, speaks for itself.

1.8     Denied.

1.9     This paragraph cites and quotes the Supreme Court's opinion in *PUD No. 1 of*

*Jefferson County v. Wash. Department of Ecology*, 511 U.S. 700 (1994), which speaks for itself. This paragraph also references a federal statute, other Supreme Court precedent, and EPA interpretations of federal law, all of which speak for themselves. This paragraph states legal conclusions, which require no response. To the extent any response is required, NHA denies the allegations.

  1.10 This paragraph cites and quotes a federal statute and the Supreme Court's opinion in *PUD No. 1*, which speak for themselves. NHA otherwise denies the allegations in this paragraph.

  1.11 This paragraph states legal conclusions to which no response is required. To the extent any response is required, NHA denies the allegations.

  1.12 This paragraph cites and quotes the Rule and the Supreme Court's opinion in *S.D. Warren Co. v. Maine Board of Environmental Protection*, 547 U.S. 370 (2006), which speak for themselves. This paragraph states legal conclusions to which no response is required. To the extent any response is required, NHA denies the allegations.

  1.13 Denied.

  1.14 Admitted that Plaintiffs seek a declaration that the Rule violates the Clean Water Act and the Administrative Procedure Act, 5 U.S.C. § 551, *et seq.* ("APA"). NHA otherwise denies the allegations.

## JURISDICTION AND VENUE

  2.1 Admitted.

  2.2 Admitted.

  2.3 Admitted.

  2.4 Admitted.

## INTRADISTRICT ASSIGNMENT

  3.1 Admitted.

## PARTIES

  4.1 Admitted that Plaintiffs are sovereign states of the United States of America. Admitted that Plaintiffs claim to bring this action in their sovereign and proprietary capacities.

1  Admitted that Plaintiffs purport to bring this action as *parens patriae* on behalf of their citizens
2  and residents, but denied that they have any standing to do so in an action against the federal
3  government. *See Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 610
4  n.16 (1982). NHA otherwise denies the allegations.

    4.2    Admitted.

    4.3    Admitted.

## STATUTORY AND REGULATORY BACKGROUND
### The Administrative Procedure Act

    5.1    This paragraph states legal conclusions to which no response is required. To the extent any response is required, NHA denies the allegations.

    5.2    This paragraph cites and quotes a federal statute, which speaks for itself. This paragraph also states legal conclusions to which no response is required. To the extent any response is required, NHA denies the allegations.

    5.3    This paragraph cites and quotes a federal statute, which speaks for itself. This paragraph also states legal conclusions to which no response is required. To the extent any response is required, NHA denies the allegations.

    5.4    This paragraph cites a federal statute and the Supreme Court's opinions in *Department of Homeland Security v. Regents of the University of California*, 140 S. Ct. 1891 (2020), *Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29 (1983), and *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), which speak for themselves. This paragraph also states legal conclusions to which no response is required. To the extent any response is required, NHA denies the allegations.

    5.5    This paragraph cites and quotes a federal statute, which speaks for itself.

### The Clean Water Act

    5.6    This paragraph cites and quotes a federal statute, which speaks for itself.

    5.7    This paragraph cites and quotes a federal statute and the Fourth Circuit's opinion

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CALIFORNIA 94111-4057

in *United States v. Cooper*, 482 F.3d 658 (4th Cir. 2007), which speak for themselves. This paragraph also states legal conclusions to which no response is required. To the extent any response is required, NHA denies the allegations.

5.8   This paragraph cites a federal statute, which speaks for itself. This paragraph also states legal conclusions to which no response is required. To the extent any response is required, NHA denies the allegations.

5.9   This paragraph cites and quotes a federal statute, which speaks for itself.

5.10   This paragraph cites and quotes a federal statute, which speaks for itself.

5.11   This paragraph cites and quotes legislative history, which speaks for itself. This paragraph also states legal conclusions to which no response is required. To the extent any response is required, NHA denies the allegations.

5.12   This paragraph cites and quotes a federal statute, the Supreme Court's opinions in *PUD No. 1* and *S.D. Warren Co.*, and the D.C. Circuit's opinion in *Keating v. FERC*, 927 F.2d 616 (D.C. Cir. 1991), which speak for themselves. This paragraph also states legal conclusions to which no response is required. To the extent any response is required, NHA denies the allegations.

5.13   This paragraph cites and quotes a federal statute, which speaks for itself.

5.14   Admitted that Congress has not amended the language of Section 401 since 1994.

**EPA's Longstanding Section 401 Regulations And Guidance**

5.15   This paragraph cites and quotes federal regulations and legislative history, which speak for themselves. NHA otherwise denies the allegations in this paragraph.

5.16   This paragraph cites and quotes a federal statute and federal regulation, which speak for themselves. NHA otherwise denies the allegations in this paragraph.

5.17   This paragraph vaguely refers to regulatory history not cited or referenced therein. Accordingly, NHA lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them. In any event, such regulatory history would speak for itself.

5.18   This paragraph vaguely refers to regulatory history not cited or referenced therein.

Accordingly, NHA lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them. In any event, such regulatory history would speak for itself.

5.19  Denied.

5.20  This paragraph cites and quotes federal regulations, which speak for themselves. NHA otherwise denies the allegations in this paragraph.

5.21  This paragraph cites and quotes a federal regulation, which speaks for itself. NHA otherwise denies the allegations in this paragraph.

5.22  Admitted that, in 1989, Katherine Ransel of the Environmental Law Institute and Dianne Fish of EPA's Office of Wetlands Protection, Wetlands Strategies, and State Programs Division drafted a guidance document called "Wetlands and 401 Certification Opportunities and Guidelines for States and Eligible Indian Tribes" ("1989 Guidance"). NHA otherwise denies the allegations in this paragraph.

5.23  This paragraph cites and quotes the 1989 Guidance, which speaks for itself. NHA otherwise denies the allegations in this paragraph.

5.24  This paragraph cites and quotes the 1989 Guidance, which speaks for itself. NHA otherwise denies the allegations in this paragraph.

5.25  This paragraph cites and quotes the 1989 Guidance, which speaks for itself. NHA otherwise denies the allegations in this paragraph.

5.26  This paragraph cites and quotes the 1989 Guidance, which speaks for itself. NHA otherwise denies the allegations in this paragraph.

5.27  Admitted that, in April 2010, EPA issued guidance called "Clean Water Act Section 401 Water Quality Certification: A Water Quality Protection Tool for States and Tribes" ("2010 Interim Guidance"). The text of the 2010 Interim Guidance speaks for itself. NHA otherwise denies the allegations in this paragraph.

5.28  This paragraph cites and quotes the 2010 Interim Guidance, which speaks for itself. NHA otherwise denies the allegations in this paragraph.

5.29  This paragraph cites and quotes the 2010 Interim Guidance, which speaks for

itself. NHA otherwise denies the allegations in this paragraph.

5.30    This paragraph cites and quotes the 2010 Interim Guidance, which speaks for itself. NHA otherwise denies the allegations in this paragraph.

5.31    Admitted that Congress has not amended the language of Section 401. NHA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies them.

**Executive Order 13,868 And Section 401 Certifications**

5.32    Admitted that President Trump issued Executive Order 13,868 on April 10, 2019. The text of that Executive Order speaks for itself. NHA otherwise denies the allegations in this paragraph.

5.33    This paragraph cites and quotes President Trump's Executive Order 13,868, which speaks for itself. NHA otherwise denies the allegations in this paragraph.

5.34    This paragraph cites President Trump's Executive Order 13,868, which speaks for itself.

5.35    This paragraph cites and quotes President Trump's Executive Order 13,868, which speaks for itself.

5.36    Admitted that, on June 7, 2019, EPA issued guidance called "Clean Water Act Section 401 Guidance for Federal Agencies, States, and Authorized Tribes" with a stated purpose of facilitating implementation of Executive Order 13,868 ("2019 Guidance"). The text of the 2019 Guidance speaks for itself. NHA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies them. NHA further answers that the Rule seeks to streamline regulatory processes and curb state overreach under the auspices of the Clean Water Act, thereby ensuring that state requirements on hydropower facilities are within the scope of congressional intent for Section 401.

5.37    Admitted.

5.38    Admitted that the EPA published an "Economic Analysis for the Proposed Clean Water Act Section 401 Rulemaking" ("Economic Analysis"). The text of the Economic Analysis speaks for itself. NHA otherwise denies the allegations in this paragraph.

5.39    This paragraph discusses the text of the Economic Analysis, which speaks for itself. NHA otherwise denies the allegations in this paragraph.

5.40    Admitted that EPA held public hearings on the proposed Rule on September 5 and 6, 2019, in Salt Lake City, Utah. NHA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies them.

### The Final Section 401 Rule

5.41    Admitted that the EPA released a press release on June 1, 2020. The text of the press release speaks for itself. NHA otherwise denies the allegations in this paragraph.

5.42    Admitted.

5.43    Denied. NHA further answers that the Rule is consistent with Section 401 and Supreme Court precedent, was lawfully issued, and will well serve the hydropower industry in continuing to provide clean, renewable energy to American households and businesses.

5.44    This paragraph cites the Rule, which speaks for itself. NHA otherwise denies the allegations in this paragraph. NHA further answers that the Rule will bring clarity and consistency to the complex web of regulatory regimes and extensive regulatory-approval process hydropower developments presently face.

<u>Limits on Scope of Section 401 Certification Review</u>

5.45    Denied. The Rule's requirements speak for themselves, but NHA further denies that the Rule is in any way unlawful.

5.46    This paragraph cites and quotes the Supreme Court's opinion in *PUD No. 1*, which speaks for itself. NHA otherwise denies the allegations in this paragraph.

5.47    This paragraph cites a federal regulation and the Supreme Court's opinions in *PUD No. 1* and *National Cable & Telecommunications Association v. Brand X Internet Services*, 545 U.S. 967 (2005), which speak for themselves. This paragraph also states legal conclusions, which require no response. To the extent any response is required, NHA denies the allegations.

5.48    This paragraph cites and quotes the 1989 Guidance and the 2010 Interim Guidance, which speak for themselves. NHA otherwise denies the allegations in this paragraph.

Limits on Appropriate Requirements of State Law

5.49   This paragraph cites and quotes the Rule, which speaks for itself. NHA otherwise denies the allegations in this paragraph.

5.50   NHA lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.

5.51   This paragraph cites and quotes the Rule and the 1989 Guidance, which speak for themselves. NHA otherwise denies the allegations in this paragraph.

5.52   This paragraph cites and quotes the Rule and the 1989 Guidance, which speak for themselves. NHA otherwise denies the allegations in this paragraph.

5.53   Denied.

Restrictions on Certification Request Process

5.54   This paragraph states legal conclusions, which require no response. To the extent any response is required, NHA denies the allegations.

5.55   This paragraph cites federal regulations and the Supreme Court's opinion in *PUD No. 1*, which speak for themselves. NHA otherwise denies the allegations in this paragraph.

5.56   This paragraph cites and quotes the Rule, which speaks for itself. NHA otherwise denies the allegations in this paragraph.

5.57   This paragraph cites and quotes the Rule, which speaks for itself.

5.58   This paragraph cites and quotes the Rule, which speaks for itself. NHA further answers that this aspect of the Rule is plainly consistent with the text of Section 401, as the D.C. Circuit recently concluded. *See Hoopa Valley Tribe v. FERC*, 913 F.3d 1099 (D.C. Cir. 2019). NHA otherwise denies the allegations in this paragraph.

5.59   This paragraph cites the Rule, which speaks for itself.

5.60   Denied.

5.61   Denied.

5.62   NHA lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.

**HARMS TO PLAINTIFF STATES**

6.1   NHA lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.

6.2   Admitted that the Plaintiff States' respective jurisdictions encompass a substantial portion of the United States and that Plaintiff States' jurisdictions include numerous, substantial water resources. NHA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies them.

6.3   This paragraph states legal conclusions, which require no response. But to the extent any response is required, NHA denies the allegations.

6.4   This paragraph cites and quotes the Rule, which speaks for itself. NHA otherwise denies the allegations in this paragraph.

6.5   NHA lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.

6.6   NHA lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.

6.7   NHA lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.

6.8   NHA lacks knowledge or information sufficient to form a belief about the truth of the allegations about Plaintiff States' ownership of wildlife populations, and therefore denies them. NHA otherwise denies the allegations in this paragraph.

6.9   Denied.

6.10   NHA lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.

6.11   NHA lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.

6.12   NHA lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.

6.13   NHA lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph, and therefore denies them.

6.14    NHA lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.

6.15    Denied.

6.16    NHA lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.

6.17    NHA lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.

6.18    Denied.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Arbitrary and Capricious and Not in Accordance with Law**
**Unlawful Implementation of Section 401 of the Clean Water Act**
**in Violation of the Administrative Procedure Act**
**(5 U.S.C. § 706)**

7.1    NHA realleges its answers to paragraphs 1.1 through 6.18.

7.2    This paragraph cites and quotes a federal statute, which speaks for itself. NHA otherwise denies the allegations in this paragraph.

7.3    This paragraph states legal conclusions, which require no response. To the extent any response is required, NHA denies the allegations.

7.4    Denied.

7.5    Denied.

### SECOND CAUSE OF ACTION
**Arbitrary and Capricious and Not in Accordance with Law**
**Disregard of Prior Agency Policy and Practice**
**in Violation of the Administrative Procedure Act**
**(5 U.S.C. § 706)**

7.6    NHA realleges its answers to paragraphs 1.1 through 6.18.

7.7    This paragraph states legal conclusions, which require no response. To the extent any response is required, NHA denies the allegations.

7.8    This paragraph states legal conclusions, which require no response. To the extent

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CALIFORNIA 94111-4057

1  any response is required, NHA denies the allegations.

2      7.9    Denied.

3      7.10    Denied.

4      7.11    Denied.

5      7.12    Denied.

**THIRD CAUSE OF ACTION**
**Arbitrary and Capricious and Not in Accordance with Law**
**Failure to Consider Statutory Objective and Impacts on Water Quality**
**in Violation of the Administrative Procedure Act**
**(5 U.S.C. § 706)**

7.13  NHA realleges its answers to paragraphs 1.1 through 6.18.

7.14  This paragraph states legal conclusions, which require no response. To the extent any response is required, NHA denies the allegations.

7.15  This paragraph states legal conclusions, which require no response. To the extent any response is required, NHA denies the allegations.

7.16  This paragraph states legal conclusions, which require no response. To the extent any response is required, NHA denies the allegations.

7.17  This paragraph states legal conclusions, which require no response. To the extent any response is required, NHA denies the allegations.

7.18  Denied

7.19  Denied.

**FOURTH CAUSE OF ACTION**
**Agency Action in Excess of Jurisdiction**
**(5 U.S.C. § 706)**

7.20  NHA realleges its answers to paragraphs 1.1 through 6.18.

7.21  This paragraph cites and quotes a federal statute, which speaks for itself. NHA otherwise denies the allegations in this paragraph.

7.22  This paragraph cites and quotes a federal statute, which speaks for itself. Admitted that the EPA cited, among other things, Sections 401 and 501 of the Act as authority for the Rule. NHA otherwise denies the allegations in this paragraph.

7.23  Denied.

7.24　This paragraph cites and quotes a federal statute, which speaks for itself. NHA otherwise denies the allegations in this paragraph.

7.25　Denied.

## RELIEF REQUESTED

NHA denies that Plaintiffs are entitled to any relief, including the relief requested. Therefore, NHA respectfully requests that this Court enter judgment against Plaintiffs, as well as granting Defendants and Intervenor-NHA all other and further relief the Court deems just, including costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

NHA asserts the following affirmative defenses under Federal Rule of Civil Procedure 8(c):

1.　The allegations in Plaintiffs' Complaint fail to state a claim upon which relief may be granted, including the requirement for extraordinary equitable relief, because the EPA complied with all requirements under the Administrative Procedure Act and all other federal laws in issuing the Rule.

2.　NHA reserves the right to assert additional defenses.

Respectfully submitted,

TROUTMAN PEPPER HAMILTON
SANDERS LLP

By: */s/ Elizabeth Holt Andrews*
　　Elizabeth Holt Andrews
　　Misha Tseytlin (*pro hac vice* pending)
　　Charles Sensiba (pro hac vice pending)
　　Andrea W. Wortzel (*pro hac vice* pending)
　　Sean T.H. Dutton (*pro hac vice* pending)

*Attorneys for Proposed Intervenor*
*NATIONAL HYDROPOWER ASSOCIATION*