ERIC GRANT
Deputy Assistant Attorney General
VANESSA R. WALDREF (D.C. Bar No. 989692)
Vanessa.R.Waldref@usdoj.gov
LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
Environmental Defense Section
Environment & Natural Resources Division
United States Department of Justice
4 Constitution Square
150 M Street, NE
Suite 4.149
Washington, D. C. 20002
Telephone (202) 514-0375
Facsimile (202) 514-8865

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STATE OF CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW R. WHEELER, in his official capacity as the Administrator of the United States Environmental Protection Agency, et al., <br><br> Defendants. | Case No. 3:20-cv-04869-WHA <br><br> **ANSWER** |

Defendants Andrew R. Wheeler, in his official capacity as Administrator of the United States Environmental Protection Agency, and the United States Environmental Protection Agency (collectively, "EPA" or "Defendants"), hereby respond to the Complaint filed by the State of California, by and through Attorney General Xavier Becerra and the State Water Resources Control Board, State of Washington, State of New York, State of Colorado, State of Connecticut, State of Illinois, State of Maine, State of Maryland, Commonwealth of Massachusetts, State of Michigan, State of Minnesota, State of Nevada, State of New Jersey, State of New Mexico, State of North Carolina, State of Oregon, State of Rhode Island, State of Vermont, Commonwealth of Virginia, State of Wisconsin, and the District of Columbia, (collectively, "Plaintiffs") in this action (Dkt. No. 1).

**INTRODUCTION**

1.1     Defendants admit that on July 13, 2020, the EPA published a final rule revising the regulations implementing Section 401 of the Clean Water Act ("Certification Rule"), 85 Fed Reg. 42, 210 (July 13, 2020). The remaining allegations of Paragraph 1 are denied.

1.2     The allegations of Paragraph 1.2 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

1.3     The allegations of Paragraph 1.3 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

1.4     The allegations of Paragraph 1.4 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

1.5     The allegations of Paragraph 1.5 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

1.6     The allegations of Paragraph 1.6 purport to characterize EPA statements regarding section 401 of the Clean Water Act as expressed in certain EPA implementing

regulations and guidance documents, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the statute and EPA's implementing regulations and guidance, they are denied. The last sentence of Paragraph 1.6 states a legal conclusion, to which no response is required.

1.7     Defendants admit that President Trump issued Executive Order 13868, Promoting Energy Infrastructure and Economic Growth, 84 Fed. Reg. 15,495 (Apr. 15, 2019). The remainder of the allegations of Paragraph 1.7 purport to characterize Executive Order 13868, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the Executive Order, they are denied.

1.8     The allegations of Paragraph 1.8 constitute a legal conclusion, to which no response is required.  To the extent a response is required, they are denied.

1.9     The allegations of Paragraph 1.9 constitute a legal conclusion, to which no response is required.  To the extent a response is required, they are denied.

1.10    The allegations of Paragraph 1.10 constitute a legal conclusion, to which no response is required.  To the extent a response is required, they are denied. The allegations in the third sentence of Paragraph 1.10 regarding interpretations the EPA has "long recognized" are unduly vague and Defendants also deny on that ground.

1.11    The allegations of Paragraph 1.11 purport to characterize the Certification Rule, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the regulation, they are denied. The allegations of Paragraph 1.11 also include legal conclusions, to which no response is required.  To the extent a response is required, they are denied

1.12    The first, third, and fourth sentences of Paragraph 1.12 constitute legal conclusions, to which no response is required.  To the extent a response is required, these allegations are denied. The second sentence of Paragraph 1.12 purports to characterize the Certification Rule, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the regulation or are legal conclusions, they are denied.

1.13    The allegations of Paragraph 1.13 constitute a legal conclusion, to which no response is required. To the extent a response is required, they are denied.

1.14    The first sentence of Paragraph 1.14 constitutes a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied. The second sentence of Paragraph 1.14 states Plaintiffs' request for relief, which requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief they seek.

## JURISDICTION AND VENUE

2.1    The allegations of Paragraph 2.1 constitute a legal conclusion, to which no response is required.

2.2    Admitted.

2.3    The allegations of Paragraph 2.3 constitute a legal conclusion, to which no response is required.

2.4    Admitted.

## INTRADISTRICT ASSIGNMENT

3.1    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.1.

## PARTIES

4.1    Defendants admit that Plaintiffs include sovereign states and the District of Columbia. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4.1. In addition, the remaining allegations of Paragraph 4.1 constitute a legal conclusion, to which no response is required.

4.2    Defendants admit that EPA is a federal agency. The phrase "bears responsibility" is unduly vague and Defendants deny the remaining allegations of Paragraph 4.2 on that basis.

4.3    Defendants admit that Andrew Wheeler is the Administrator of EPA. The phrase "bears responsibility" is unduly vague and Defendants deny the remaining allegations of Paragraph 4.3 on that basis.

# STATUTORY AND REGULATORY BACKGROUND

## The Administrative Procedure Act

5.1   The allegations of Paragraph 5.1 constitute a legal conclusion, to which no response is required.

5.2   The allegations of Paragraph 5.2 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

5.3   The allegations of Paragraph 5.3 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

5.4   The allegations of Paragraph 5.4 constitute a legal conclusion, to which no response is required.

5.5   The allegations of Paragraph 5.5 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

## The Clean Water Act

5.6   The allegations of Paragraph 5.6 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

5.7   The allegations of Paragraph 5.7 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

5.8   The allegations of Paragraph 5.8 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

5.9   The allegations of Paragraph 5.9 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

5.10 The allegations of Paragraph 5.10 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

5.11 The allegations of Paragraph 5.11 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

5.12 The allegations of Paragraph 5.12 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied. The allegations of Paragraph 5.12 also constitute legal conclusions, to which no response is required.

5.13 The allegations of Paragraph 5.13 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

5.14 EPA admits that since 1989, Congress has not amended 33 U.S.C. § 1341.

## Section 401 Regulations and Guidance

5.15 EPA admits the allegations of the first sentence of Paragraph 5.15. The allegations of the second sentence of Paragraph 5.15 constitute a legal conclusion, to which no response is required. The allegations of the second sentence of Paragraph 5.15 also purport to characterize a document memorializing the contents of a Senate Debate, which document speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with that document, they are denied.

5.16 The allegations of the first sentence of Paragraph 5.16 purport to characterize a section of the Water Pollution Control Act Amendments of 1972, which section speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied. The allegations of the second sentence of Paragraph 5.16 constitute a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied. The allegations of the third sentence of Paragraph 5.16 purport to characterize regulations under the Water Pollution Control Act Amendments of 1972, which

5

speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the regulations, they are denied.

5.17     The allegations of Paragraph 5.17 purport to characterize the Water Pollution Control Act Amendments of 1972, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the statute, they are denied.

5.18     In response to the allegations of Paragraph 5.18, EPA admits only that it continued to apply the 1971 Regulations to implement section 401 following the CWA's enactment in 1972.

5.19     The allegations of Paragraph 5.19 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

5.20     The allegations of Paragraph 5.20 purport to characterize the 1971 Regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the regulations, they are denied.

5.21     The allegations of Paragraph 5.21 purport to characterize the 1971 Regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the regulations, they are denied.

5.22     Admitted.

5.23     The allegations of Paragraph 5.23 purport to characterize EPA's 1989 Guidance, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the guidance, they are denied.

5.24     The allegations of Paragraph 5.24 purport to characterize EPA's 1989 Guidance, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the guidance, they are denied.

5.25     The allegations of Paragraph 5.25 purport to characterize EPA's 1989 Guidance, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the guidance, they are denied.

5.26    The allegations of Paragraph 5.26 purport to characterize EPA's 1989 Guidance and Wisconsin Administrative Code, NR 299.04, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the guidance and state code, they are denied.

5.27    Defendants admit that EPA issued section 401 guidance in April 2010 entitled "Clean Water Act Section 401 Water Quality Certification: A Water Quality Protection Tool for States and Tribes" (2010 Guidance). The remainder of the allegations of Paragraph 5.27 purport to characterize EPA's 2010 Guidance, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the guidance, they are denied.

5.28    The allegations of Paragraph 5.28 purport to characterize EPA's 2010 Guidance, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the guidance, they are denied.

5.29    The allegations of Paragraph 5.29 purport to characterize EPA's 2010 Guidance, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the guidance, they are denied.

5.30    The allegations of Paragraph 5.30 purport to characterize EPA's 2010 Guidance, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the guidance, they are denied.

5.31    Defendants admit that Congress has not amended the language of section 401 of the Clean Water Act since 1989. To the extent that the remainder of the allegations in paragraph 5.31 are inconsistent with the statute, they are denied.

### Executive Order 13868 and Section 401 Certifications

5.32    Defendants admit only that on April 10, 2019, President Trump issued Executive Order 13868, Promoting Energy Infrastructure and Economic Growth, 84 Fed. Reg. 15,495 (Apr. 15, 2019). The remainder of the allegations of Paragraph 5.32 purport to characterize Executive Order 13868, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the Executive Order, they are denied.

5.33     The allegations of Paragraph 5.33 purport to characterize Executive Order 13868, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the Executive Order, they are denied.

5.34     The allegations of Paragraph 5.34 purport to characterize Executive Order 13868, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the Executive Order, they are denied.

5.35     The allegations of Paragraph 5.35 purport to characterize Executive Order 13868, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the Executive Order, they are denied.

5.36     Defendants admit that on June 7, 2019, EPA issued a document entitled "Clean Water Act Section 401 Guidance for Federal Agencies, States, and Authorized Tribes" (2019 Guidance). The remainder of the allegations of Paragraph 5.36 purport to characterize the 2019 Guidance, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the guidance, they are denied.

5.37     Admitted, except Defendants deny the allegation to the extent the word "only" implies that EPA's public comment period was legally insufficient.

5.38     Defendants admit that EPA published an "Economic Analysis for the Proposed Clean Water Act Section 401 Rulemaking" (Economic Analysis). The remainder of the allegations of Paragraph 5.38 purport to characterize the Economic Analysis, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the analysis, they are denied.

5.39     The allegations of Paragraph 5.39 purport to characterize the Economic Analysis, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the analysis, they are denied.

5.40     Admitted.

**The Final Section 401 Rule**

5.41     Defendants admit that on June 1, 2020, EPA issued a news release with a pre-publication version of the Certification Rule entitled "Clean Water Act Section 401 Certification

1   Rule." The remainder of the allegations purport to characterize this news release, which speaks
2   for itself and is the best evidence of its contents. To the extent that the allegations are
3   inconsistent with the news release, they are denied.

4        5.42    Admitted.

5        5.43    The allegations of Paragraph 5.43 purport to characterize the Certification Rule,
6   which speaks for itself and is the best evidence of its contents. To the extent that the allegations
7   are inconsistent with the regulation, they are denied.  The allegations of Paragraph 5.43 also
8   constitute legal conclusions, to which no response is required. To the extent that a response is
9   required, the allegations are denied.

10       5.44    The allegations of Paragraph 5.44 purport to characterize the Certification Rule,
11  which speaks for itself and is the best evidence of its contents. To the extent that the allegations
12  are inconsistent with the regulation, they are denied. The allegations of Paragraph 5.44 also
13  constitute legal conclusions, to which no response is required. To the extent that a response is
14  required, the allegations are denied. EPA further denies that the Rule will cause increased
15  confusion and uncertainty.

16       5.45    The allegations of Paragraph 5.45 constitute a legal conclusion, to which no
17  response is required. To the extent that a response is required, the allegations are denied.

18       5.46    The allegations of Paragraph 5.46 constitute a legal conclusion, to which no
19  response is required. To the extent that a response is required, the allegations are denied.

20       5.47    The allegations of Paragraph 5.47 purport to characterize EPA statements in the
21  preamble to the Certification Rule, which preamble speaks for itself and is the best evidence of
22  its contents. To the extent that the allegations are inconsistent with the preamble, they are
23  denied. The allegations of Paragraph 5.47 also constitute a legal conclusion, to which no
24  response is required. To the extent that a response is required, the allegations are denied.

25       5.48    The allegations of Paragraph 5.48 constitute a legal conclusion, to which no
26  response is required. To the extent that a response is required, the allegations are denied.

27       5.49    The allegations of Paragraph 5.49 constitute a legal conclusion, to which no
28  response is required. To the extent that a response is required, the allegations are denied.

5.50    The allegations of Paragraph 5.50 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

5.51    The allegations of Paragraph 5.51 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

5.52    The allegations of Paragraph 5.52 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

5.53    The allegations of Paragraph 5.53 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

5.54    Defendants admit the allegations in the first sentence of Paragraph 5.54. The allegation in the second sentence of Paragraph 5.54 constitutes a legal conclusion, to which no response is required. To the extent that a response is required, the allegation is denied.

5.55    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 5.55. The remaining allegations of Paragraph 5.55 purport to characterize the Certification Rule, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the regulation, they are denied. The second and third sentences of Paragraph 5.55 are also legal conclusions, to which no response is required. To the extent that a response is required, the allegations are denied.

5.56    The allegations of Paragraph 5.56 purport to characterize the Certification Rule, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the regulation, they are denied.

5.57    The allegations of Paragraph 5.57 purport to characterize the Certification Rule, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the regulation, they are denied.

5.58    The allegations of Paragraph 5.58 purport to characterize the Certification Rule, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the regulation, they are denied. The allegations of the last sentence of

1  Paragraph 5.58 also constitute a legal conclusion, to which no response is required. To the
2  extent that a response is required, the allegations are denied.

3      5.59    The allegations of Paragraph 5.59 purport to characterize the Certification Rule,
4  which speaks for itself and is the best evidence of its contents. To the extent that the allegations
5  are inconsistent with the regulation, they are denied.

6      5.60    The allegations of Paragraph 5.60 constitute a legal conclusion, to which no
7  response is required. To the extent that a response is required, the allegations are denied.

8      5.61    The allegations of Paragraph 5.61 constitute a legal conclusion, to which no
9  response is required. To the extent that a response is required, the allegations are denied.

10     5.62    Defendants admit that some, but not all, states have practices, procedures, and
11 regulations related to section 401 certification requirement. The remainder of the allegations of
12 Paragraph 5.62 purport to characterize EPA's prior section 401 regulations or unidentified state
13 laws, which speak for themselves and are the best evidence of their contents. To the extent that
14 the allegations are inconsistent with the regulations or laws, they are denied.

15 **HARMS TO PLAINTIFF STATES**

16     6.1    The allegations of Paragraph 6.1 constitute a legal conclusion, to which no
17 response is required. To the extent that a response is required, the allegations are denied.

18     6.2    Defendants admit the allegations in the first, second, and third sentences of
19 Paragraph 6.2. Defendants lack knowledge or information sufficient to form a belief as to the
20 truth of the remainder of the allegations in Paragraph 6.2.

21     6.3    The allegations of Paragraph 6.3 constitute a legal conclusion, to which no
22 response is required. To the extent that a response is required, the allegations are denied. For the
23 third sentence of Paragraph 6.3, EPA also lacks information as to the specific use of section 401
24 by these states over the last 48 years and so denies on that ground.

25     6.4    The allegations of Paragraph 6.4 constitute a legal conclusion, to which no
26 response is required. To the extent that a response is required, the allegations are denied.

27     6.5    Defendants lack knowledge or information sufficient to form a belief as to the
28 truth of the allegations in Paragraph 6.5.  The allegations of Paragraph 6.5 also constitute legal

1  conclusions, to which no response is required. To the extent that a response is required, the
2  allegations are denied.

3       6.6     Defendants admit only that states have used section 401 authority to address a
4  variety of water quality impacts. Defendants lack knowledge or information sufficient to form a
5  belief as to the truth of the remainder of the allegations in Paragraph 6.6, which purport to
6  characterize unidentified project sites and certification processes. The final sentence of
7  Paragraph 6.6 constitutes a legal conclusion, to which no response is required. To the extent that
8  a response is required, the allegations are denied.

9       6.7     The allegations of Paragraph 6.7 constitute a legal conclusion, to which no
10  response is required. To the extent that a response is required, the allegations are denied.

11       6.8     Defendants lack knowledge or information sufficient to form a belief as to the
12  truth of the remainder of the allegations in Paragraph 6.8, and therefore deny the same.

13       6.9     Defendants lack knowledge or information sufficient to form a belief as to the
14  truth of the remainder of the allegations in Paragraph 6.9, and therefore deny the same.

15       6.10     Defendants lack knowledge or information sufficient to form a belief as to the
16  truth of the remainder of the allegations in Paragraph 6.10, and therefore deny the same.

17       6.11     Defendants lack knowledge or information sufficient to form a belief as to the
18  truth of the remainder of the allegations in Paragraph 6.11, and therefore deny the same.

19       6.12     Defendants lack knowledge or information sufficient to form a belief as to the
20  truth of the remainder of the allegations in Paragraph 6.12, and therefore deny the same.

21       6.13     Defendants lack knowledge or information sufficient to form a belief as to the
22  truth of the remainder of the allegations in Paragraph 6.13, and therefore deny the same.

23       6.14     Defendants lack knowledge or information sufficient to form a belief as to the
24  truth of the remainder of the allegations in Paragraph 6.14, and therefore deny the same.

25       6.15     The allegations of Paragraph 6.15 constitute a legal conclusion, to which no
26  response is required. To the extent that a response is required, the allegations are denied.

27       6.16     Defendants lack knowledge or information sufficient to form a belief as to the
28  truth of the first sentence of Paragraph 6.16, and therefore deny the same. The second sentence

1  of Paragraph 6.16 constitutes a legal conclusion, to which no response is required. To the extent
2  that a response is required, the allegations are denied.

3  6.17 Defendants lack knowledge or information sufficient to form a belief as to the
4  truth of the first sentence of Paragraph 6.17, and therefore deny the same. In addition, the
5  second and third sentences of Paragraph 6.17 constitute legal conclusions, to which no response
6  is required. To the extent that a response is required, the allegations are denied.

7  6.18 The allegations of Paragraph 6.18 constitute a legal conclusion, to which no
8  response is required. To the extent that a response is required, the allegations are denied.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

11  7.1 Defendants repeat and incorporate by reference their responses to the above
12  allegations.

13  7.2 The allegations of Paragraph 7.2 purport to characterize the Administrative
14  Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent that
15  the allegations are inconsistent with the statute, they are denied.

16  7.3 The allegations of Paragraph 7.3 constitute a legal conclusion, to which no
17  response is required. To the extent that a response is required, the allegations are denied.

18  7.4 The allegations of Paragraph 7.4 constitute a legal conclusion, to which no
19  response is required. To the extent that a response is required, the allegations are denied.

20  7.5 The allegations of Paragraph 7.5 constitute a legal conclusion, to which no
21  response is required. To the extent that a response is required, the allegations are denied.

### SECOND CAUSE OF ACTION

23  7.6 Defendants repeat and incorporate by reference their responses to the above
24  allegations.

25  7.7 The allegations of Paragraph 7.7 constitute a legal conclusion, to which no
26  response is required. To the extent that a response is required, the allegations are denied.

27  7.8 The allegations of Paragraph 7.8 constitute a legal conclusion, to which no
28  response is required. To the extent that a response is required, the allegations are denied.

1      7.9      The allegations of Paragraph 7.9 constitute a legal conclusion, to which no

2  response is required. To the extent that a response is required, the allegations are denied.

3      7.10     The allegations of Paragraph 7.10 constitute a legal conclusion, to which no

4  response is required. To the extent that a response is required, the allegations are denied.

5      7.11     The allegations of Paragraph 7.11 constitute a legal conclusion, to which no

6  response is required. To the extent that a response is required, the allegations are denied.

7      7.12     The allegations of Paragraph 7.12 constitute a legal conclusion, to which no

8  response is required. To the extent that a response is required, the allegations are denied.

### THIRD CAUSE OF ACTION

10     7.13     Defendants repeat and incorporate by reference their responses to the above

11  allegations.

12     7.14     The allegations of Paragraph 7.14 constitute legal conclusions, to which no

13  response is required. To the extent that a response is required, the allegations are denied.

14     7.15     The allegations of Paragraph 7.15 constitute legal conclusions, to which no

15  response is required. To the extent that a response is required, the allegations are denied.

16     7.16     The allegations of Paragraph 7.16 constitute a legal conclusion, to which no

17  response is required. To the extent that a response is required, the allegations are denied.

18     7.17     The allegations of Paragraph 7.17 constitute a legal conclusion, to which no

19  response is required. To the extent that a response is required, the allegations are denied.

20     7.18     The allegations of Paragraph 7.18 constitute a legal conclusion, to which no

21  response is required. To the extent that a response is required, the allegations are denied.

22     7.19     The allegations of Paragraph 7.19 constitute a legal conclusion, to which no

23  response is required. To the extent that a response is required, the allegations are denied.

### FOURTH CAUSE OF ACTION

25     7.20     Defendants repeat and incorporate by reference their responses to the above

26  allegations.

27

28

1       7.21    The allegations of Paragraph 7.21 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

      7.22    The allegations of Paragraph 7.22 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

      7.23    The allegations of Paragraph 7.23 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

      7.24    The allegations of Paragraph 7.24 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

      7.25    The allegations of Paragraph 7.25 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

**REQUEST FOR RELIEF**

The remaining allegations in the Complaint constitute Plaintiffs' request for relief, which requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever. Judgment should be entered in favor of Defendants.

//

//

Respectfully submitted,

Date: October 6, 2020

ERIC GRANT
Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*s/Vanessa R. Waldref*
VANESSA R. WALDREF (D.C. Bar No. 989692)
Vanessa.R.Waldref@usdoj.gov
LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
Environmental Defense Section
Environment & Natural Resources Division
United States Department of Justice
4 Constitution Square
150 M Street, NE
Suite 4.149
Washington, D. C.  20002
Telephone (202) 514-0375
Facsimile (202) 514-8865

*Attorneys for Defendants*