XAVIER BECERRA
Attorney General of California
SARAH E. MORRISON
ERIC KATZ
Supervising Deputy Attorneys General
CATHERINE M. WIEMAN, SBN 222384
TATIANA K. GAUR, SBN 246227
ADAM L. LEVITAN, SBN 280226
BRYANT B. CANNON, SBN 284496
LANI M. MAHER, SBN 318637
Deputy Attorneys General
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013
 Telephone:  (213) 269-6329
 Fax:  (916) 731-2128
 E-mail:  Tatiana.Gaur@doj.ca.gov
*Attorneys for Plaintiff State of California, by
and through Attorney General Xavier Becerra
and the State Water Resources Control Board*

*[Additional Plaintiffs and Counsel Listed on
Signature Pages]*

ROBERT W. FERGUSON
Attorney General of Washington
KELLY T. WOOD (*admitted pro hac vice*)
CINDY CHANG (*admitted pro hac vice*)
Assistant Attorneys General
Washington Office of the Attorney General
Environmental Protection Division
 800 5th Ave Ste. 2000 TB-14
 Seattle, Washington  98104
 Telephone:  (206) 326-5493
 E-mail:  Kelly.Wood@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STATE OF CALIFORNIA, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ANDREW R. WHEELER, et al.,**<br><br>Defendants.<br><br>**STATE OF LOUISIANA, et al.,**<br><br>Intervenor-Defendants. | Case: No. 20-cv-04869-WHA<br><br>Related to Case No. 20-cv-04636-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  October 22, 2020<br>Time:  11:00 am<br>Courtroom:  12<br>  450 Golden Gate Ave,<br>  San Francisco Courthouse<br>Judge:  The Honorable William H. Alsup<br>**Action Filed:  July 21, 2020** |

The parties to the above-entitled action submit this Joint Case Management Statement

pursuant to the Standing Order for All Judges of the Northern District of California—Contents of

Joint Case Management Statement (Standing Order), Civil L.R. 16-5 (Procedure in Actions for

Review on an Administrative Record) and 16-9 (Case Management Statement and Proposed

1

Order), and the Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases before Judge William Alsup (Supplemental Order). After having discussed the items enumerated in the Standing Order and applicable local rules, the undersigned counsel for Plaintiffs[1], Defendants Andrew R. Wheeler, in his official capacity as Administrator of the United States Environmental Protection Agency and the United States Environmental Protection Agency (collectively, "EPA" or "Defendants"), State Intervenors,[2] and Industry-Intervenors[3] (collectively, Intervenors) (collectively, the Parties), respectfully submit the following joint statement:

1.  Jurisdiction and Service

Plaintiffs allege that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (action arising under the laws of the United States) and 5 U.S.C. §§ 701-706. Plaintiffs further allege that an actual controversy exists between the Parties within the meaning of 28 U.S.C. § 2201(a), and this Court may grant declaratory, injunctive, and other relief pursuant to 28 U.S.C. §§ 2201-2202, and 5 U.S.C. §§ 701-706. Defendants have been served. Defendants reserve challenges to standing and ripeness.

State Intervenors challenge jurisdiction.

2.  Facts

On July 13, 2020, Defendants promulgated a final rule entitled "Clean Water Act Section 401 Certification Rule," 85 Fed. Reg. 42,210 (July 13, 2020) (the "Certification Rule" or "Rule"). Pursuant to Section 401of the Clean Water Act, 33 U.S.C. § 1341 (Section 401), "any applicant for a [f]ederal license or permit to conduct any activity … which may result in any discharge into the navigable waters shall provide the licensing or permitting agency a certification from the state in which the discharge originates or will originate … that any such discharge will comply with the applicable provisions of sections 1311, 1312, 1313, 1316, and 1317 of this title." 33 U.S.C. §

---

[1] Plaintiffs are the States of California, Washington, New York, Colorado, Connecticut, Illinois, Maine, Maryland, Michigan, Minnesota, Nevada, New Jersey, New Mexico, North Carolina, Oregon, Rhode Island, Vermont, and Wisconsin, the Commonwealths of Massachusetts and Virginia, and the District of Columbia.

[2] State Intervenors are the States of Louisiana, Montana, Arkansas, Mississippi, Missouri, Texas, West Virginia, and Wyoming.

[3] Industry Intervenors are the National Hydropower Association, the American Petroleum Institute, and the Interstate Natural Gas Association of America.

2

1341(a). Section 401 grants states authority to approve, condition, or deny federally licensed or permitted activities within their borders based on potential impacts on water quality. *Id.*, § 1341(a)(1), (d). "No license or permit shall be granted until the certification required by this section has been obtained or has been waived." *Id.* § 1341(a)(1). "No license or permit shall be granted if certification has been denied by the State." *Id.* The Certification Rule became effective on September 11, 2020. *Id.* The Rule updates EPA's existing regulations implementing Section 401. 85 Fed. Reg. at 42,227.

On July 21, 2020, Plaintiffs filed a Complaint seeking judicial review of the Rule under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* (APA). ECF No. 1. Defendants filed their answer to the Complaint on October 6, 2020. ECF No. 110.

On August 28, 2020, State Intervenors filed a motion to intervene. ECF No. 53. The Court granted that motion on September 17, 2020, and State Intervenors filed their answer to the Complaint on September 30, 2020. ECF Nos. 101, 106.

The Court granted that motion on September 17, 2020, and State Intervenors filed their answer to the Complaint on September 30, 2020. ECF Nos. 101, 106.

On September 4, 2020, Industry Intervenor the National Hydropower Association filed a motion to intervene. ECF No. 75. On September 4, 2020, Industry Intervenors the American Petroleum Institute and the Interstate Natural Gas Association of America filed a motion to intervene. ECF No. 84. The Court granted these motions on October 9, 2020. ECF No. 113. Industry Intervenors have not filed their answers to the Complaint.

3.   Legal Issues

Plaintiffs allege that the Rule is arbitrary and capricious and, because the Rule violates the Clean Water Act, constitutes an abuse of discretion, is in excess of EPA's jurisdiction and statutory authority, and is not in accordance with law, in violation of the APA, 5 U.S.C. § 706(2)(A), (C).

Defendants and Intervenors dispute these claims.

4.   Motions

   A.  Prior Motions

- State Intervenors moved to intervene on August 28, 2020. ECF No. 53. The Court granted the motion on September 17, 2020. ECF No. 101.
- The National Hydropower Association moved to intervene on September 4, 2020. ECF No. 75. Plaintiffs filed a Statement of Nonopposition on September 18, 2020. ECF No. 103. The Court granted the motion on October 9, 2020. ECF No. 113.
- The American Petroleum Institute and the Interstate Natural Gas Association of America moved to intervene on September 4, 2020. ECF No. 84. Plaintiffs filed a Statement of Nonopposition on September 18, 2020. ECF No. 103. The Court granted the motion on October 9, 2020. ECF No. 113.

B.  Motions Practice related to the Administrative Record

Defendants lodged a certified index of the administrative record on October 5, 2020 (ECF No. 109) (Lodged Index).  Plaintiffs do not believe that the Lodged Index reflects the complete administrative record for this case. At a minimum, Plaintiffs contend that Defendants are required to provide a privilege log for any documents that are withheld based on an asserted privilege. *See, e.g., Sierra Club v. Zinke*, 2018 WL 3126401, *5 (N.D. Cal. June 16, 2018) ("Privilege logs are required when a party intends to withhold documents based on the deliberative process privilege"; *Regents of University of California v. U.S. Dep't of Homeland Security*, 2018 WL 1210551, *6 (N.D. Cal. Mar 8, 2018) ("Every court in this district to consider the issue … has required administrative agencies to provide a privilege log in withholding documents that otherwise belong in the administrative record"). Plaintiffs believe that timely production of a privilege log is essential to Plaintiffs' ability to evaluate and comment on the completeness of the administrative record.

Defendants' position is that the administrative record lodged on October 5, 2020, is complete and that EPA is not required to provide a privilege log identifying withheld deliberative materials. *See*, *e.g.*, *Oceana, Inc. v. Pritzker*, 217 F.Supp.3d 310, 318 (D.D.C. 2016); *Stand Up for California! v. Dep't of Interior*, 71 F. Supp. 3d 109, 123 (D.D.C. 2014).

4

Unless the Court orders otherwise at the Case Management Conference, the Parties anticipate motion practice on this issue will be necessary.

C.  Cross-Motions for Summary Judgment

Because this case is governed by the APA, the Parties anticipate resolving this matter through cross-motions for summary judgment. However, the Parties propose alternative briefing schedules, as described in paragraph 17, below.

As described below, all Parties agree to filing consolidated cross-motions for summary judgment as to all three related cases but disagree as to the schedule for doing so.

5.  Amendment of Pleadings

No amendments are anticipated by any party.

6.  Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. Plaintiffs do not anticipate that any issues will arise regarding the preservation of evidence but have requested that Defendants take reasonable and proportionate steps to preserve potential evidence relevant to the issues in this action.

7.  Disclosures

Because the Parties anticipate this action will be resolved on the administrative record, the Parties agree that initial disclosures are not required under Fed. R. Civ. P. 26(a)(1)(B)(i).

8.  Discovery

The Parties do not anticipate discovery.

9.  Class Actions

This case is not a class action.

10. Related Cases

The following challenges to the Rule pending in the United States District Court for the Northern District of California are related and assigned to the Honorable William Alsup: *American Rivers, et al. v. Andrew Wheeler, et al.*, Case No. 3:20-cv-04636-WHA; and *Suquamish Tribe, et al. v. Andrew Wheeler, et al.*, Case No. 3:20-cv-06137-WHA.

The Parties believe it is appropriate to propose that the Court consolidate the three related cases for all purposes and that, as noted below in Paragraph 17, the cases proceed on the same briefing schedule.

All three Plaintiff groups believe that plaintiff interests differ such that it would be inappropriate for Plaintiff groups to be required to file a single brief.

In addition, two other lawsuits challenging the Rule are pending in other district courts: *S.C. Coastal Conservation Leagues, et al. v. Andrew R. Wheeler, et al.*, Case No. 2:20-cv-03062-DCN (D.S.C.); and *Delaware Riverkeeper, et al. v. U.S. EPA, et al.*, Case No. 2:20-cv-03412 (E.D. Pa.).

11. Relief

Plaintiffs seek: (a) a declaratory judgment that, in developing and adopting the Rule, EPA acted arbitrarily and capriciously and not in accordance with law, abused their discretion, and exceeded its statutory jurisdiction and authority; (b) an order declaring the Rule unlawful, setting the Rule aside, and vacating; (c) an award of Plaintiffs' reasonable fees, costs, expenses, and disbursements, including attorneys' fees, associated with this litigation under the Equal Access to Justice Act, 28 U.S.C. § 2412(d); and (d) such additional and further relief as the Court deems just, proper, and necessary.

Defendants and Intervenors deny that Plaintiffs are entitled to any relief.

12. Settlement and Alternative Dispute Resolution (ADR)

The Parties have complied with ADR L.R. 3-5 and have discussed the various ADR options provided by this court and private entities. The Parties do not believe that ADR is would be helpful in resolving this matter or narrowing the disputed issues.

13. Consent to Magistrate Judge for All Purposes

This case, along with *Suquamish Tribe, et al. v. Andrew Wheeler, et al.*, Case No. 3:20-cv-06137-WHA, was related to *American Rivers, et al. v. Andrew Wheeler, et al.*, Case No. 3:20-cv-04636, and assigned to the Honorable William Alsup. No party to any case has consented to have a magistrate judge conduct any further proceedings, including trial and entry of judgment.

14. Other References

1    The Parties do not believe that this case is suitable for reference to binding arbitration,

2    special master, or the Judicial Panel for Multidistrict Litigation.

3    15. <u>Narrowing of Issues</u>

4    The Parties do not believe that it is possible to narrow the issues.

5    16. <u>Expedited Trial Procedure</u>

6    The Parties anticipate that the case will be resolved on summary judgment. No trial is

7    expected to occur.

8    17. <u>Scheduling</u>

9    The Parties agree that departure from the default deadlines set forth in Civil L.R. 16-5 is

10   appropriate in this matter. Plaintiffs request oral argument on the Parties' cross-motions for

11   summary judgment.

12   Plaintiffs have identified numerous issues with the Lodged Index and, therefore, believe

13   that an informal administrative record review and comment process is essential to minimize,

14   streamline, or avoid the need for motion practice related to the record. Accordingly, Plaintiffs

15   propose a schedule for this process below.[4]

16   Defendants and Intervenors do not agree with this approach and propose an alternate

17   schedule.

18   a.    <u>Plaintiffs' Proposed Schedule</u>. Plaintiffs respectfully propose the following schedule

19   for certifying the final administrative record, motions related to the sufficiency and completeness

20   of the record, and cross-motions for summary judgment:

21

22
| Deadline | Action |
| --- | --- |
| October 26, 2020 | Deadline for Plaintiffs to provide comments to Defendants regarding issues with the Lodged Index and record. |
| November 2, 2020 | Defendants provide Plaintiffs with a privilege log reflecting documents withheld from the administrative record. |

26

27   [4] If the Court adopts Plaintiffs' proposed approach and schedule, the failure to raise any claim or argument by any Party during the informal review and comment process shall not waive that claim or prejudice that Party in any way in any subsequent motion practice related to the administrative record.

28

| November 9, 2020 | Deadline for Parties to complete meet and confer efforts regarding Plaintiffs' comments on the Lodged Index and record. |
| November 16, 2020 | Defendants provide portable document format (PDF) version of documents identified on the certified index to the administrative record lodged on October 5, 2020 (ECF No. 109) via box.com or a similar cloud-based document management service, and file a notice providing access information. |
| December 11, 2020 | Deadline to file any motions (1) challenging the completeness of the administrative record; (2) for leave to supplement the administrative record; or (3) for leave to take discovery. Response brief due 1/8/21; reply due 1/22/21 |

If Plaintiffs file a motion to supplement the record or to compel a privilege log, the case shall proceed on Track 2; otherwise, the case shall proceed on Track 1.

**Track 1**:

| Deadline | Action |
|---|---|
| January 15, 2021 | Plaintiffs file their motion for summary judgment not to exceed 45 pages of text. |
| February 12, 2021 | Defendants file a combined opposition to Plaintiffs' motion for summary judgment and cross-motion for summary judgment not to exceed 45 pages of text. |
| February 26, 2021 | Intervenors file a single combined opposition to Plaintiffs' motion for summary judgment and cross-motion for summary judgment not to exceed 45 pages of text. |
| March 19, 2021 | Plaintiffs file their reply in support of summary judgment and opposition to Defendants' and Intervenors' cross-motion for summary judgment not to exceed 55 pages of text. |
| April 9, 2021 | Defendants file their reply in support of their cross-motion for summary judgment not to exceed 25 pages of text. |
| April 23, 2021 | Intervenors file a single combined reply in support of their cross-motion for summary judgment not to exceed 25 pages of text. |
| Earliest available date no sooner than 21 days after briefing on the cross-motions for summary judgment is completed | Hearing on cross-motions for summary judgment. |

**Track 2**:

8

| Deadline | Action |
|---|---|
| 45 days after ruling granting Plaintiffs' motion to produce a privilege log and/or supplement the record; OR 30 days after denial of Plaintiffs' motion | Plaintiffs file their motion for summary judgment not to exceed 45 pages of text. |
| 30 days after Plaintiffs' motion for summary judgment | Defendants file a combined opposition to Plaintiffs' motion for summary judgment and cross-motion for summary judgment not to exceed 45 pages of text. |
| 14 days after Defendants' opposition and cross-motion | Intervenors file a single combined opposition to Plaintiffs' motion for summary judgment and cross-motion for summary judgment not to exceed 45 pages of text. |
| 21 days after Intervenors' opposition and cross-motion | Plaintiffs file their reply in support of summary judgment and opposition to Defendants' and Intervenors' cross-motion for summary judgment not to exceed 55 pages of text. |
| 21 days after Plaintiffs' reply and opposition | Defendants file their reply in support of their cross-motion for summary judgment not to exceed 25 pages of text. |
| 14 days after Defendants' reply | Intervenors file a single combined reply in support of their cross-motion for summary judgment not to exceed 25 pages of text. |
| Earliest available date no sooner than 21 days after briefing on the cross-motions for summary judgment is completed | Hearing on cross-motions for summary judgment. |

   b.   <u>Defendants' and Defendant-Intervenors' Proposed Schedule</u>. As noted above in

Paragraph 10, Defendants propose that the three related cases be consolidated for all purposes.

Accordingly, Defendants propose filing a consolidated motion for summary judgment as to the

plaintiffs in each related case with appropriate increased page limits. Defendants have proposed

the same schedule for each of the related cases. Defendants and Defendant-Intervenors propose

the following schedule:

| <u>Summary Judgment</u> | <u>Administrative Record</u> | <u>Deadline</u> |
|---|---|---|
|  | Parties seek to informally resolve disputes regarding Plaintiffs' concerns regarding supplementation of the record | October 23- November 6, 2020 |
|  | Defendants will make portable document format (PDF) versions of documents identified on the | October 30, 2020 |

9

| Summary Judgment | Administrative Record | Deadline |
|---|---|---|
| | certified index to the administrative record lodged on October 5, 2020 (ECF No. 109) available on box.com or a similar cloud-based document management service, and file a notice providing access information | |
| Defendants file consolidated motion for summary judgment in all related cases (page limit for consolidated brief is 50) | Plaintiffs file motion to supplement the record and to compel a privilege log | November 6, 2020 |
| Defendant-Intervenors file separate briefs in support of Defendants' motion for summary judgment (combined page limit is 40) | | November 13, 2020 |
| | Defendants file opposition to motion to supplement the record and to compel a privilege log | November 20, 2020 |
| | Plaintiffs file reply in support of motion to supplement the record and to compel a privilege log | December 1, 2020 |
| | Hearing on motion to supplement the record and to compel a privilege log | December 11, 2020 or whenever is convenient for the Court |
| Plaintiffs file combined motion for summary judgement and opposition to Defendants' and Defendant-Intervenors' motion for summary judgment (page limit is 40) | | December 18, 2020 |
| Defendants file combined reply in support of motion for summary judgment and opposition to cross-motions for summary judgment in all related cases (page limit is 40) | | January 15, 2021 |
| Defendant-Intervenors file separate combined reply briefs in support of Defendants' motion for summary judgment and opposition to cross-motion for summary judgment (combined page limit is 40) | | January 22, 2021 |

| Summary Judgment | Administrative Record | Deadline |
|---|---|---|
| Plaintiffs file reply in support of cross-motion for summary judgment (page limit is 40) | | January 29, 2021 |
| Hearing on Cross-Motions for Summary Judgment | | February 11, 2021 or whenever it is convenient for the Court |

18. <u>Trial</u>

The Parties anticipate that this case will be resolved by summary judgment and do not anticipate a trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

Civil L.R. 3-15 does not apply to any government entity or its agencies, including Plaintiffs, Defendants, and State Intervenors.

20. <u>Professional Conduct</u>

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>

*Administrative Record – Defendants' Position*

Defendants lodged the certified index to the administrative record on October 5, 2020 (ECF No. 109).  The Lodged Index provides links to each record document on the website http://www.regulations.gov.  For the convenience of Plaintiffs and the Court, Defendants will make portable document format (PDF) versions of documents identified on the certified index to the administrative record lodged on October 5, 2020 (ECF No. 109) available on box.com or a similar cloud-based document management service, and file a notice providing access information by October 30, 2020.

*Administrative Record – Plaintiffs' Position*

Based on their review of the Lodged Index, as well as the fact that Defendants have not provided a privilege log for documents that have been withheld from the record, Plaintiffs believe

11

1   that the administrative record is incomplete. Plaintiffs also request that Defendants provide

2   certain documents not amenable to PDF format, such as spreadsheets, in native format.

3       22. <u>Plan to Provide Opportunities to Junior Lawyers</u>

4       The Parties provide the following statements pursuant to paragraph 3 of the Supplemental

5   Order:

6       *Plaintiffs' Statement*

7       The offices of the state attorneys general representing Plaintiffs are not law firms per se.

8   Nevertheless, the state attorneys general's offices do employ more than 50 lawyers overall, and

9   plan to offer opportunities to junior attorneys in this litigation. For example, the Office of the

10  California Attorney General's Environment Section has assigned Deputy Attorney General Lani

11  M. Maher, who graduated from law school in 2017, to this litigation. Deputy Attorney General

12  Maher will participate in reviewing the administrative record, as well as drafting and arguing of

13  motions, as appropriate.

14      *Defendants' Statement:*

15      The Supplemental Order requires law firms with more than fifty lawyers to submit a plan

16  for how the firm will provide opportunities to junior lawyers to argue motions, take depositions,

17  and examine witnesses. Thus, this requirement does not apply to the Department of Justice.

18  However, although neither attorney assigned to this case or the related cases is a junior attorney,

19  the Department of Justice provides significant opportunities for junior attorneys in many cases

20  before this Court.

21      *Intervenors' Statements:*

22      The offices of the state attorneys general representing the State Intervenors are not law

23  firms per se. Nevertheless, the state attorneys general's offices do employ more than 50 lawyers

24  overall, and plan to offer opportunities to junior attorneys in this litigation. For example, the

25  Louisiana Department of Justice has assigned Assistant Solicitor Ben Wallace—who graduated

26  from law school in 2018 and is new to the office after completing a clerkship—to this litigation.

27  Assistant Solicitor Wallace will participate in reviewing the administrative record, as well as

28  drafting and arguing of motions, as appropriate

1    As required by the *Supplemental Order to Order Setting Initial Case Management*

2    *Conference in Civil Cases Before Judge Williams Alsup*, counsel for the American Petroleum

3    Institute and the Interstate Natural Gas Association of America (coalition) states that Hunton

4    Andrews Kurth LLP is a law firm with more than fifty lawyers nationwide and that it will,

5    consistent with the best interests of the Coalition and the just, speedy, and inexpensive disposition

6    of this matter, provide opportunities for junior lawyers to actively participate in the defense of

7    this case. This may include arguing pre-trial motions in court, taking depositions, and examining

8    witnesses at trial. The specific junior lawyers and proceedings will be identified as the case

9    progresses. Counsel for the coalition does not believe it necessary for client representatives to

10   attend the upcoming case management conference for discussion of this subject.

11   As required by the *Supplemental Order to Order Setting Initial Case Management*

12   *Conference in Civil Cases Before Judge William Alsup*, counsel for the National Hydropower

13   Association states that Troutman Pepper Hamilton Sanders LLP is a law firm with more than fifty

14   lawyers nationwide and that it will, consistent with the best interests of the National Hydropower

15   Association and the just, speedy, and inexpensive disposition of this matter, provide opportunities

16   for more junior lawyers to actively participate in the defense of this case.  This participation may

17   include arguing pre-trial motions in court, taking or defending depositions, and examining

18   witnesses at trial. Particular junior lawyers and proceedings for their active participation will be

19   identified as the case progresses. Counsel for the National Hydropower Association does not

20   believe it necessary for client representatives to attend the upcoming case management

21   conference for discussion of this subject.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

13

1    Dated: October 15, 2020                       Respectfully submitted,

2    XAVIER BECERRA
     Attorney General of California               ROBERT W. FERGUSON
3    SARAH E. MORRISON                            Attorney General of Washington
     ERIC KATZ
4    Supervising Deputy Attorneys General         /s/ Kelly T. Wood
     CATHERINE M. WIEMAN                          KELLY T. WOOD (*admitted pro hac vice*)
5    ADAM L. LEVITAN                              CINDY CHANG  (*admitted pro hac vice*)
     BRYANT B. CANNON                             Assistant Attorneys General
6    LANI M. MAHER                                Washington Office of the Attorney General
     Deputy Attorneys General                     Environmental Protection Division
7                                                 800 5th Avenue, Suite 2000, TB-14
     /s/ Tatiana K. Gaur                          Seattle, WA 98104-3188
8    Tatiana K. Gaur, Deputy Attorney General     Telephone: (206) 326-5493
     *Attorneys for Plaintiff State of California, by*   E-mail: Kelly.Wood@atg.wa.gov
9    *and through Attorney General Xavier*        *Attorneys for Plaintiff State of Washington*
     *Becerra and the State Water Resources*
10   *Control Board*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

LETITIA JAMES
Attorney General of the State of New York

2

*/s/* Brian Lusignan
BRIAN LUSIGNAN (*admitted pro hac vice*)

3

Assistant Attorney General

4

Office of the Attorney General
Environmental Protection Bureau

5

28 Liberty Street
New York, NY 10005

6

(716) 853-8465
Fax: (716) 853-8579

7

E-mail: brian.lusignan@ag.ny.gov
*Attorneys for Plaintiff State of New York*

8

9

10

For the STATE OF CONNECTICUT

11

WILLIAM TONG
Attorney General of Connecticut

12

13

*/s/* Jill Lacedonia

14

JILL LACEDONIA, (*admitted pro hac vice*)
Assistant Attorney General

15

Connecticut Office of the Attorney General
165 Capitol Ave.

16

Hartford, CT 06106
Telephone: (860) 808 5250

17

E-mail: Jill.lacedonia@ct.gov

18

19

20

For the STATE OF MAINE

21

AARON M. FREY
Attorney General of Maine

22

23

24

*/s/* Jillian R. O'Brien
JILLIAN R. O'BRIEN, CA SBN 251311

25

Assistant Attorney General
6 State House Station

26

Augusta, ME 04333
Telephone: (207) 626-8800

27

E-mail: Jill.obrien@maine.gov

28

For the STATE OF COLORADO

PHILIP J. WEISER
Attorney General of Colorado

*/s/* Carrie Noteboom
CARRIE NOTEBOOM (*admitted pro hac vice*)
ANNETTE QUILL (*admitted pro hac vice*)
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-mail: Carrie.noteboom@coag.gov
E-mail: Annette.quill@coag.gov

For the STATE OF ILLINOIS

KWAME RAOUL
Attorney General of Illinois

*/s/* Jason E. James
MATTHEW J. DUNN
Chief, Environmental Enforcement/Asbestos
Litigation Division
JASON E. JAMES (*admitted pro hac vice*)
Assistant Attorney General
69 W. Washington Street, 18th Floor
Chicago, IL 60602
Telephone: (312) 814-0660
E-mail: jjames@atg.state.il.us

For the STATE OF MARYLAND

BRIAN E. FROSH
Attorney General of Maryland

*/s/* John B. Howard, Jr.
JOHN B. HOWARD, JR. *
Special Assistant Attorney General
Office of the Attorney General
300 Saint Paul Place, 20th Floor
Baltimore, MD 21202
Telephone: (401) 576-6970
E-mail: jbhoward@oag.state.md.us

15

1

2   For the COMMONWEALTH OF
    MASSACHUSETTS

3   MAURA HEALEY
    Attorney General of Massachusetts

4

5
    _/s/_ Matthew Ireland
6   MATTHEW IRELAND (*admitted pro hac vice*)
    TURNER SMITH (*admitted pro hac vice*)
7   Assistant Attorneys General
    Office of the Attorney General
8   Environmental Protection Division
    One Ashburton Place, 18th Floor
9   Boston, MA 02108
    (617) 727-2200
10  E-mail: Matthew.ireland@mass.gov
    E-mail: Turner.smith@mass.gov

11

12

13  For the STATE OF MINNESOTA

14  KEITH ELLISON
    Attorney General of Minnesota

15

16
    _/s/_ Peter N. Surdo
17  PETER N. SURDO (*admitted pro hac vice*)
    Special Assistant Attorney General
18  Minnesota Attorney General
    445 Minnesota St.
19  Town Square Tower Suite 1400
    St. Paul, MN 55101
20  Telephone: (651) 757-1061
    E-mail: Peter.surdo@ag.state.mn.us

21

22

23

24

25

26

27

28

For the STATE OF MICHIGAN

DANA NESSEL
Attorney General of Michigan


_/s/_ Gillian E. Wener
GILLIAN E. WENER*
Assistant Attorney General
Michigan Department of Attorney General
Environment, Natural Resources and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
Telephone: (517) 335-7664
E-mail: wenerg@michigan.gov


For the STATE OF NEVADA

AARON D. FORD
Attorney General of Nevada


_/s/_ Heidi Parry Stern
HEIDI PARRY STERN (*admitted pro hac vice*)
Solicitor General
Office of the Nevada Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
E-mail: hstern@ag.nv.gov

16

For the STATE OF NEW JERSEY

GURBIR S. GREWAL
Attorney General of New Jersey


/s/ Lisa Morelli
LISA MORELLI, Cal. SBN 137092
Deputy Attorney General
Environmental Permitting and Counseling
R.J. Hughes Justice Complex
P.O. Box 093
Trenton, NJ 08625
Telephone: (609) 376-2804
E-mail: Lisa.Morrelli@law.njoag.gov


For the STATE OF NORTH CAROLINA

JOSHUA H. STEIN
Attorney General of North Carolina


/s/ Taylor H. Crabtree
DANIEL S. HIRSCHMAN
Senior Deputy Attorney General
TAYLOR H. CRABTREE (*admitted pro hac vice*)
Assistant Attorney General
ASHER P. SPILLER
Assistant Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
Telephone: (919) 716-6400
E-mail: tcrabtree@ncdoj.gov
E-mail: aspiller@ncdoj.gov


For the STATE OF NEW MEXICO

HECTOR BALDERAS
Attorney General of New Mexico


/s/ William G. Grantham
WILLIAM G. GRANTHAM*
Assistant Attorney General
Consumer & Environmental Protection
Division
P.O. Drawer 1508
Santa Fe, NM 87504-1508
Telephone: (505) 717-3520
E-mail: wgrantham@nmag.gov


For the STATE OF OREGON

ELLEN F. ROSENBLUM
Attorney General of Oregon


/s/ Paul Garrahan
PAUL GARRAHAN (*admitted pro hac vice*)
Attorney-in-Charge
Natural Resources Section
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
Telephone: (503) 947-4593
E-mail: Paul.garrahan@doj.state.or.us

17

For the STATE OF RHODE ISLAND

PETER F. NERONHA
Attorney General of Rhode Island


/s/ Alison B. Hoffman
ALISON B. HOFFMAN (*admitted pro hac vice*)
Special Assistant Attorney General
Office of the Attorney General
150 South Main Street
Providence, RI 02903
E-mail: ahoffman@riag.ri.gov


For the COMMONWEALTH OF VIRGINIA

MARK R. HERRING
Attorney General of Virginia


/s/ David C. Grandis
DONALD D. ANDERSON
Deputy Attorney General
PAUL KUGELMAN, JR.
Senior Assistant Attorney General
Chief, Environmental Section
DAVID C. GRANDIS (*admitted pro hac vice*)
Senior Assistant Attorney General
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219
Telephone: (804) 225-2741
E-mail: dgrandis@ oag.state.va.us


For the STATE OF VERMONT

THOMAS J. DONOVAN, JR.
Attorney General of Vermont


/s/ Laura B. Murphy
LAURA B. MURPHY (*admitted pro hac vice*) Assistant Attorney General
Vermont Attorney General's Office
Environmental Protection Division
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3186
E-mail: laura.murphy@vermont.gov


For the STATE OF WISCONSIN

JOSHUA L. KAUL
Attorney General of Wisconsin


/s/ Gabe Johnson-Karp
GABE JOHNSON-KARP (*admitted pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53702-7857
Telephone: (608) 267-8904
Fax: (608) 267-2223
Email: johnsonkarpg@doj.state.wi.us


For the DISTRICT OF COLUMBIA

KARL A. RACINE
Attorney General for the District of Columbia


/s/ Brian Caldwell
BRIAN CALDWELL (*admitted pro hac vice*) Assistant Attorney General
Social Justice section
Office of the Attorney General for the District of Columbia
441 Fourth Street, N.W. Ste. #600-S
Washington, D.C. 20001
Telephone: (202) 727-6211
E-mail: Brian.caldwell@dc.gov

18

1
   ERIC GRANT
   Deputy Assistant Attorney General
2
   U.S. Department of Justice
   Environment & Natural Resources Division
3

4
   /s/ Vanessa R. Waldref
5
   VANESSA R. WALDREF (D.C. Bar # 989692)
   Vanessa.R.Waldref@usdoj.gov
6
   LESLIE M. HILL (D.C. Bar No. 476008)
   Leslie.Hill@usdoj.gov
7
   Environmental Defense Section
   Environment & Natural Resources Division
8
   United States Department of Justice
   4 Constitution Square
9
   150 M Street, NE, Suite 4.149
   Washington, D.C. 20002
10
   Telephone:  (202) 514-0375
   Facsimile (202) 514-8865
11
   *Attorneys for Defendants*

12
   **JEFF LANDRY**
     **ATTORNEY GENERAL OF LOUISIANA**
13

14
   /s/ Joseph S. St. John
15
   ELIZABETH B. MURRILL (pro hac vice)
     Solicitor General
16
   JOSEPH S. ST. JOHN (pro hac vice)
     Deputy Solicitor General
17
   RYAN M. SEIDEMANN (pro hac vice)
     Assistant Attorney General
18
   LOUISIANA DEPARTMENT OF JUSTICE
   1885 N. Third Street
19
   Baton Rouge, LA 70804
   Tel: (225) 326-6766
20
   emurrill@ag.louisiana.gov
   stjohnj@ag.louisiana.gov
21
   seidemannr@ag.louisiana.gov
22
   *Attorneys for the State of Louisiana*

23
   **BENBROOK LAW GROUP, P.C.**
24
   BRADLEY A. BENBROOK (CA 177786)
25
   STEPHEN M. DUVERNAY (CA 250957)
   BENBROOK LAW GROUP, P.C.
26
   400 Capitol Mall, Suite 2530
   Sacramento, CA 95814
27
   Tel: (916) 447-4900
   brad@benbrooklawgroup.com
28
   steve@benbrooklawgroup.com

1

2

*Counsel for State Intervenors*

3   **TIM FOX**
       **ATTORNEY GENERAL OF MONTANA**

4

5   MELISSA ANN SCHLICHTING (CA220258)
       Deputy Attorney General
       215 N. Sanders, Third Floor

6   P.O. Box 201401
       Helena, MT 59620

7   Tel: (406) 444-2026
       mschlichting@mt.gov

8
       *Attorney for the State of Montana*

9

10  **LESLIE RUTLEDGE**
       **ATTORNEY GENERAL OF ARKANSAS**

11

12  NICHOLAS J. BRONNI (pro hac vice forthcoming)
       Solicitor General

13  VINCENT WAGNER (pro hac vice forthcoming)
       Deputy Solicitor General
       OFFICE OF ARKANSAS ATTORNEY GENERAL

14     LESLIE RUTLEDGE
       323 Center Street, Suite 200

15  Little Rock, AK 72201
       Tel: (501) 682-8090

16  nicholas.bronni@arkansasag.gov
       vincent.wagner@arkansasag.gov

17
       *Attorneys for the State of Arkansas*

18

19  **LYNN FITCH**
       **ATTORNEY GENERAL OF MISSISSIPPI**

20  KRISTI H. JOHNSON (pro hac vice)
       Solicitor General

21  OFFICE OF MISSISSIPPI ATTORNEY
       GENERAL LYNN FITCH

22  P.O. Box 220
       Jackson, MS 39205

23  Tel: (601) 359-5563
       kristi.johnson@ago.ms.gov

24
       *Attorney for the State of Mississippi*

25

26  **ERIC SCHMITT**
       **ATTORNEY GENERAL OF MISSOURI**

27
       D. JOHN SAUER (pro hac vice forthcoming)

28     Solicitor General

OFFICE OF THE MISSOURI
  ATTORNEY GENERAL
P.O. Box 899
Jefferson City, MO 65102-0899
Tel: (573) 751-1800
john.sauer@ago.mo.gov

*Attorney for the State of Missouri*

**KEN PAXTON**
  **ATTORNEY GENERAL OF TEXAS**
BRENT WEBSTER
  First Assistant Attorney General
RYAN L. BANGERT
  Deputy First Assistant Attorney General
DARREN L. MCCARTY
  Deputy Attorney General for Civil Litigation

DAVID J. HACKER (CA 249272)
  Associate Deputy Attorney General for Civil Litigation
SHAWN COWLES (pro hac vice pending)
  Special Counsel for Civil Litigation
OFFICE OF THE TEXAS
  ATTORNEY GENERAL
P.O. Box 12548 (MC 001)
Austin, Texas 78711-2548
Tel: (512) 936-1700
david.hacker@oag.texas.gov

*Attorneys for the State of Texas*

**PATRICK MORRISEY**
  **ATTORNEY GENERAL OF WEST VIRGINIA**

LINDSAY S. SEE (pro hac vice)
  Solicitor General
State Capitol Building 1, Rm. 26-E
Charleston, WV 25305
Tel: (304) 558-2021
lindsay.s.see@wvago.gov

*Attorney for the State of West Virginia*

**FOR THE STATE OF WYOMING**

JAMES C. KASTE (pro hac vice)
  Deputy Attorney General
WYOMING ATTORNEY GENERAL'S OFFICE
2320 Capitol Avenue
Cheyenne, Wyoming 82002
Tel: (307) 777-6946
james.kaste@wyo.gov

1    *Attorney for the State of Wyoming*

2

3    /s/ George P. Sibley, III

4    Clare Ellis (SBN No. 317773)
     cellis@HuntonAK.com
     **HUNTON ANDREWS KURTH LLP**
5    50 California Street, Suite 1700
     San Francisco, CA 94111
6    Telephone: (415) 975-3708
     Facsimile: (415) 975-3701

7
     George P. Sibley, III (VA Bar No. 48773) (*pro hac vice*)
8    gsibley@HuntonAK.com
     Deidre G. Duncan (D.C. Bar No. 461548) (*pro hac vice*)
9    dduncan@HuntonAK.com
     **HUNTON ANDREWS KURTH LLP**
10   Riverfront Plaza, East Tower
     951 East Byrd Street
11   Richmond, VA 23219
     Telephone: (804) 788-8262
12   Facsimile: (804) 788-8218

13
     *Counsel for Intervenor-Defendants*
14   *American Petroleum Institute and*
     *Interstate Natural Gas Association of America*

15

16   **TROUTMAN PEPPER HAMILTON**
     **SANDERS LLP**

17   /s/ Elizabeth Holt Andrews
18   Elizabeth Holt Andrews (SBN 263206)
     elizabeth.andrews@troutman.com
19   Three Embarcadero Center, Suite 800
     San Francisco, California 94111-4057
20   Telephone:   415.477.5700
     Facsimile:   415.477.5710

21
     Misha Tseytlin (*pro hac vice*)
22   misha.tseytlin@troutman.com
     Sean T.H. Dutton (*pro hac vice*)
23   sean.dutton@troutman.com
     227 W. Monroe Street, Suite 3900
24   Chicago, IL 60606-5085
     Telephone:   312.759.1920
25   Facsimile:   312.759.1939

26   Charles Sensiba (*pro hac vice*)
     charles.sensiba@troutman.com
27   401 9th Street N.W., Suite 1000
     Washington, D.C. 20004
28   Telephone:   202.274.2850

1    Facsimile:      202.274.2994

2    Andrea W. Wortzel (*pro hac vice*)
     andrea.wortzel@troutman.com
3    1001 Haxall Point, 15th Floor
     Richmond, VA 23219
4    Telephone:    804.697.1406
     Facsimile:     804.697.1339
5
     *Attorneys for Intervenor*
6    *National Hydropower Association*

7
     * *Application for admission pro hac vice pending or forthcoming*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT (Case No. 3:20-cv-04869-WHA)

1

**SIGNATURE ATTESTATION**

2      Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this

3   document has been obtained from each of the other signatories.

4

5   DATED: October 15, 2020                    /s/ Tatiana K. Gaur
                                               Tatiana K. Gaur

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT (Case No. 3:20-cv-04869-WHA)

# CERTIFICATE OF SERVICE

Case Name:    **State of California, et al. v. Andrew Wheeler, et al.**

Case No.:      **3:20-cv-04869-WHA**

I hereby certify that on October 15, 2020, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## JOINT CASE MANAGEMENT STATEMENT

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 15, 2020, at Los Angeles, California.

|                       |                        |
|-----------------------|------------------------|
| Tatiana K. Gaur       | /s/ Tatiana K. Gaur    |
| Declarant             | Signature              |

LA2020302450
63520319.docx