Clare Ellis (SBN No. 317773)
cellis@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
50 California Street, Suite 1700
San Francisco, CA 94111
Telephone: (415) 975-3708
Facsimile: (415) 975-3701

George P. Sibley, III (VA Bar No. 48773) (*pro hac vice*)
gsibley@HuntonAK.com
Deidre G. Duncan (D.C. Bar No. 461548) (*pro hac vice*)
dduncan@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Telephone: (804) 788-8262
Facsimile: (804) 788-8218

*Counsel for Intervenor-Defendants*
*American Petroleum Institute and*
*Interstate Natural Gas Association of America*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO**

| | |
|---|---|
| STATE OF CALIFORNIA, et al.;<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW R. WHEELER, et al.,<br><br>Defendants. | **ANSWER OF INTERVENOR-DEFENDANTS AMERICAN PETROLEUM INSTITUTE AND INTERSTATE NATURAL GAS ASSOCIATION OF AMERICA**<br><br>CASE NO.: 3:20-CV-04869-WHA |

Intervenor-Defendants American Petroleum Institute and Interstate Natural Gas Association of America (collectively, "Intervenor-Defendants") hereby respond to the Complaint filed by the State of California, by and through Attorney General Xavier Becerra and the State Water Resources Control Board, State of Washington, State of New York, State of Colorado, State of Connecticut, State of Illinois, State of Maine, State of Maryland, Commonwealth of Massachusetts, State of Michigan, State of Minnesota, State of Nevada, State of New Jersey, State of New Mexico, State of North Carolina, State of Oregon, State of Rhode Island, State of Vermont, Commonwealth of Virginia, State of Wisconsin, and the District of Columbia, (collectively, "Plaintiffs") in this action (Dkt. No. 1).

## 1. INTRODUCTION

1.1     Intervenor-Defendants admit that on July 13, 2020, the U.S. Environmental Protection Agency (EPA) published a final rule revising the regulations implementing Section 401 of the Clean Water Act ("Certification Rule"), 85 Fed Reg. 42, 210 (July 13, 2020). The remaining allegations of Paragraph 1 are denied.

1.2     The allegations of Paragraph 1.2 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

1.3     The allegations of Paragraph 1.3 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

1.4     The allegations of Paragraph 1.4 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

1.5     The allegations of Paragraph 1.5 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

1

ANSWER OF INTERVENOR-DEFENDANTS AMERICAN PETROLEUM INSTITUTE AND
INTERSTATE NATURAL GAS ASSOCIATION OF AMERICA
CASE NO.: 3:20-CV-04869-WHA

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, CA 94111

1.6   The allegations of Paragraph 1.6 purport to characterize EPA statements regarding section 401 of the Clean Water Act, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the statute and EPA's implementing regulations and guidance, they are denied. The last sentence of Paragraph 1.6 states a legal conclusion, to which no response is required.

1.7   Intervenor-Defendants admit that President Trump issued Executive Order 13868, Promoting Energy Infrastructure and Economic Growth, 84 Fed. Reg. 15,495 (Apr. 15, 2019). The remainder of the allegations of Paragraph 1.7 purport to characterize Executive Order 13868, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the Executive Order, they are denied.

1.8   The allegations of Paragraph 1.8 constitute a legal conclusion, to which no response is required. To the extent a response is required, they are denied.

1.9   The allegations of Paragraph 1.9 constitute a legal conclusion, to which no response is required. To the extent a response is required, they are denied.

1.10   The allegations of Paragraph 1.10 constitute a legal conclusion, to which no response is required. To the extent a response is required, they are denied.

1.11   The allegations of Paragraph 1.11 purport to characterize the Certification Rule, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the regulation, they are denied. The allegations of Paragraph 1.11 also include legal conclusions, to which no response is required. To the extent a response is required, they are denied.

1.12   The first, third, and fourth sentences of Paragraph 1.12 constitute legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied. The second sentence of Paragraph 1.12 purports to characterize the Certification Rule, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the regulation or are legal conclusions, they are denied.

1.13   The allegations of Paragraph 1.13 constitute a legal conclusion, to which no response is required. To the extent a response is required, they are denied.

1.14   The first sentence of Paragraph 1.14 constitutes a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied. The second sentence of Paragraph 1.14 states Plaintiffs' request for relief, which requires no response. To the extent a response is required, Intervenor-Defendants deny that Plaintiffs are entitled to the relief they seek.

## 2. JURISDICTION AND VENUE

2.1   The allegations of Paragraph 2.1 constitute a legal conclusion, to which no response is required.

2.2   The allegations of Paragraph 2.2 constitute a legal conclusion, to which no response is required.

2.3   The allegations of Paragraph 2.3 constitute a legal conclusion, to which no response is required.

2.4   Admitted.

## 3. INTRADISTRICT ASSIGNMENT

3.1   Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.1.

## 4. PARTIES

4.1   Intervenor-Defendants admit that Plaintiffs include sovereign states and the District of Columbia. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4.1. In addition, the remaining allegations of Paragraph 4.1 constitute a legal conclusion, to which no response is required.

4.2   Intervenor-Defendants admit that EPA is a federal agency. The phrase "bears responsibility" is unduly vague and Intervenor-Defendants deny the remaining allegations of Paragraph 4.2 on that basis.

4.3    Intervenor-Defendants admit that Andrew Wheeler is the Administrator of EPA. The phrase "bears responsibility" is unduly vague and Intervenor-Defendants deny the remaining allegations of Paragraph 4.3 on that basis.

**5.    STATUTORY AND REGULATORY BACKGROUND**

**a.    The Administrative Procedure Act**

5.1    The allegations of Paragraph 5.1 constitute a legal conclusion, to which no response is required.

5.2    The allegations of Paragraph 5.2 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

5.3    The allegations of Paragraph 5.3 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

5.4    The allegations of Paragraph 5.4 constitute a legal conclusion, to which no response is required.

5.5    The allegations of Paragraph 5.5 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

**b.    The Clean Water Act**

5.6    The allegations of Paragraph 5.6 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

5.7    The allegations of Paragraph 5.7 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

5.8     The allegations of Paragraph 5.8 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

5.9     The allegations of Paragraph 5.9 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

5.10    The allegations of Paragraph 5.10 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

5.11    The allegations of Paragraph 5.11 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

5.12    The allegations of Paragraph 5.12 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied. The allegations of Paragraph 5.12 also constitute legal conclusions, to which no response is required.

5.13    The allegations of Paragraph 5.13 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

5.14    Intervenor-Defendants admit that since 1989, Congress has not amended 33 U.S.C. § 1341.

**c.     Section 401 Regulations and Guidance**

5.15    Intervenor-Defendants admit the allegations of the first sentence of Paragraph 5.15. The allegations of the second sentence of Paragraph 5.15 constitute a legal conclusion, to which no response is required. The allegations of the second sentence of Paragraph 5.15 also purport to characterize a document memorializing the contents of a Senate Debate, which

document speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with that document, they are denied.

5.16   The allegations of the first sentence of Paragraph 5.16 purport to characterize a section of the Water Pollution Control Act Amendments of 1972, which section speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied. The allegations of the second sentence of Paragraph 5.16 constitute a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied. The allegations of the third sentence of Paragraph 5.16 purport to characterize regulations under the Water Pollution Control Act Amendments of 1972, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the regulations, they are denied.

5.17   The allegations of Paragraph 5.17 purport to characterize the Water Pollution Control Act Amendments of 1972, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the statute, they are denied.

5.18   Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.18.

5.19   The allegations of Paragraph 5.19 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

5.20   The allegations of Paragraph 5.20 purport to characterize the 1971 Regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the regulations, they are denied.

5.21   The allegations of Paragraph 5.21 purport to characterize the 1971 Regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the regulations, they are denied.

5.22   Admitted.

5.23    The allegations of Paragraph 5.23 purport to characterize EPA's 1989 Guidance, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the guidance, they are denied.

5.24    The allegations of Paragraph 5.24 purport to characterize EPA's 1989 Guidance, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the guidance, they are denied.

5.25    The allegations of Paragraph 5.25 purport to characterize EPA's 1989 Guidance, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the guidance, they are denied.

5.26    The allegations of Paragraph 5.26 purport to characterize EPA's 1989 Guidance and Wisconsin Administrative Code, NR 299.04, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the guidance and state code, they are denied.

5.27    Intervenor-Defendants admit that EPA issued section 401 guidance in April 2010 entitled "Clean Water Act Section 401 Water Quality Certification: A Water Quality Protection Tool for States and Tribes" ("2010 Guidance"). The remainder of the allegations of Paragraph 5.27 purport to characterize EPA's 2010 Guidance, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the guidance, they are denied.

5.28    The allegations of Paragraph 5.28 purport to characterize EPA's 2010 Guidance, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the guidance, they are denied.

5.29    The allegations of Paragraph 5.29 purport to characterize EPA's 2010 Guidance, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the guidance, they are denied.

5.30     The allegations of Paragraph 5.30 purport to characterize EPA's 2010 Guidance, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the guidance, they are denied.

5.31     Intervenor-Defendants admit that Congress has not amended the language of section 401 of the Clean Water Act since 1989. To the extent that the remainder of the allegations in paragraph 5.31 are inconsistent with the statute, they are denied.

### d.     Executive Order 13868 and Section 401 Certifications

5.32     Intervenor-Defendants admit only that on April 10, 2019, President Trump issued Executive Order 13868, Promoting Energy Infrastructure and Economic Growth, 84 Fed. Reg. 15,495 (Apr. 15, 2019). The remainder of the allegations of Paragraph 5.32 purport to characterize Executive Order 13868, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the Executive Order, they are denied.

5.33     The allegations of Paragraph 5.33 purport to characterize Executive Order 13868, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the Executive Order, they are denied.

5.34     The allegations of Paragraph 5.34 purport to characterize Executive Order 13868, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the Executive Order, they are denied.

5.35     The allegations of Paragraph 5.35 purport to characterize Executive Order 13868, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the Executive Order, they are denied.

5.36     Intervenor-Defendants admit that on June 7, 2019, EPA issued a document entitled "Clean Water Act Section 401 Guidance for Federal Agencies, States, and Authorized Tribes" ("2019 Guidance"). Intervenor-Defendants admit that the EPA Administrator informed the States he was withdrawing and rescinding the 2010 Guidance. The remainder of the

8

ANSWER OF INTERVENOR-DEFENDANTS AMERICAN PETROLEUM INSTITUTE AND
INTERSTATE NATURAL GAS ASSOCIATION OF AMERICA
CASE NO.: 3:20-CV-04869-WHA

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, CA 94111

allegations of Paragraph 5.36 purport to characterize the 2019 Guidance, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the guidance, they are denied.

5.37    Admitted, except to the extent that the word "only" implies that EPA's public comment period was legally insufficient, which is a legal conclusion to which no response is required.

5.38    Intervenor-Defendants admit that EPA published an "Economic Analysis for the Proposed Clean Water Act Section 401 Rulemaking" ("Economic Analysis"). The remainder of the allegations of Paragraph 5.38 purport to characterize the Economic Analysis, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the analysis, they are denied.

5.39    The allegations of Paragraph 5.39 purport to characterize the Economic Analysis, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the analysis, they are denied.

5.40    Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.40.

e.    **The Final Section 401 Rule**

5.41    Intervenor-Defendants admit that on June 1, 2020, EPA issued a news release with a pre-publication version of the Certification Rule entitled "Clean Water Act Section 401 Certification Rule." The remainder of the allegations purport to characterize this news release, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the news release, they are denied.

5.42    Admitted.

5.43    The allegations of Paragraph 5.43 purport to characterize the Certification Rule, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the regulation, they are denied. The allegations of Paragraph 5.43 also

constitute legal conclusions, to which no response is required. To the extent that a response is required, the allegations are denied.

5.44   The allegations of Paragraph 5.44 purport to characterize the Certification Rule, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the regulation, they are denied. The allegations of Paragraph 5.44 also constitute legal conclusions, to which no response is required. To the extent that a response is required, the allegations are denied.

5.45   The allegations of Paragraph 5.45 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

5.46   The allegations of Paragraph 5.46 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

5.47   The allegations of Paragraph 5.47 purport to characterize EPA statements in the preamble to the Certification Rule, which preamble speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the preamble, they are denied. The allegations of Paragraph 5.47 also constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

5.48 The allegations of Paragraph 5.48 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

5.49 The allegations of Paragraph 5.49 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

5.50 The allegations of Paragraph 5.50 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

5.51 The allegations of Paragraph 5.51 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

5.52 The allegations of Paragraph 5.52 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, CA 94111

5.53 The allegations of Paragraph 5.53 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

5.54 Intervenor-Defendants admit the allegations in the first sentence of Paragraph 5.54. The allegation in the second sentence of Paragraph 5.54 constitutes a legal conclusion, to which no response is required. To the extent that a response is required, the allegation is denied.

5.55 Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 5.55. The remaining allegations of Paragraph 5.55 purport to characterize the Certification Rule, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the regulation, they are denied. The second and third sentences of Paragraph 5.55 are also legal conclusions, to which no response is required. To the extent that a response is required, the allegations are denied.

5.56 The allegations of Paragraph 5.56 purport to characterize the Certification Rule, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the regulation, they are denied.

5.57 The allegations of Paragraph 5.57 purport to characterize the Certification Rule, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the regulation, they are denied.

5.58 The allegations of Paragraph 5.58 purport to characterize the Certification Rule, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the regulation, they are denied. The allegations of the last sentence of Paragraph 5.58 also constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

5.59 The allegations of Paragraph 5.59 purport to characterize the Certification Rule, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the regulation, they are denied.

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, CA 94111

5.60 The allegations of Paragraph 5.60 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

5.61 The allegations of Paragraph 5.61 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

5.62 Intervenor-Defendants admit that some, but not all, states have practices, procedures, and regulations related to section 401 certification requirement. The remainder of the allegations of Paragraph 5.62 purport to characterize EPA's prior section 401 regulations or unidentified state laws, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the regulations or laws, they are denied.

## 6. HARMS TO PLAINTIFF STATES

6.1 The allegations of Paragraph 6.1 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

6.2 Intervenor-Defendants admit the allegations in the first sentence of Paragraph 6.2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 6.2.

6.3 The allegations of Paragraph 6.3 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 6.3.

6.4 The allegations of Paragraph 6.4 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

6.5 Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.5. The allegations of Paragraph 6.5 also constitute legal conclusions, to which no response is required. To the extent that a response is required, the allegations are denied.

ANSWER OF INTERVENOR-DEFENDANTS AMERICAN PETROLEUM INSTITUTE AND INTERSTATE NATURAL GAS ASSOCIATION OF AMERICA
CASE NO.: 3:20-CV-04869-WHA

6.6     Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.6, which purport to characterize unidentified project sites and certification processes. The final sentence of Paragraph 6.6 constitutes a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

6.7     The allegations of Paragraph 6.7 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

6.8     Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.8, and therefore deny the same.

6.9     Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.9, and therefore deny the same.

6.10    Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.10, and therefore deny the same.

6.11    Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.11, and therefore deny the same.

6.12    Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.12, and therefore deny the same.

6.13    Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.13, and therefore deny the same.

6.14    Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.14, and therefore deny the same.

6.15    The allegations of Paragraph 6.15 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

6.16    Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 6.16, and therefore deny the same. The second

sentence of Paragraph 6.16 constitutes a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

6.17   Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 6.17, and therefore deny the same. In addition, the second and third sentences of Paragraph 6.17 constitute legal conclusions, to which no response is required. To the extent that a response is required, the allegations are denied.

6.18   The allegations of Paragraph 6.18 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

## 7. CAUSES OF ACTION

### a. First Cause of Action

7.1   Intervenor-Defendants repeat and incorporate by reference their responses to the above allegations.

7.2   The allegations of Paragraph 7.2 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

7.3   The allegations of Paragraph 7.3 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

7.4   The allegations of Paragraph 7.4 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

7.5   The allegations of Paragraph 7.5 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

### b. Second Cause of Action

7.6   Intervenor-Defendants repeat and incorporate by reference their responses to the above allegations.

7.7   The allegations of Paragraph 7.7 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

7.8     The allegations of Paragraph 7.8 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

7.9     The allegations of Paragraph 7.9 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

7.10    The allegations of Paragraph 7.10 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

7.11    The allegations of Paragraph 7.11 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

7.12    The allegations of Paragraph 7.12 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

**c.    Third Cause of Action**

7.13    Intervenor-Defendants repeat and incorporate by reference their responses to the above allegations.

7.14    The allegations of Paragraph 7.14 constitute legal conclusions, to which no response is required. To the extent that a response is required, the allegations are denied.

7.15    The allegations of Paragraph 7.15 constitute legal conclusions, to which no response is required. To the extent that a response is required, the allegations are denied.

7.16    The allegations of Paragraph 7.16 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

7.17    The allegations of Paragraph 7.17 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

7.18    The allegations of Paragraph 7.18 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

7.19    The allegations of Paragraph 7.19 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, CA 94111

### d. Fourth Cause of Action

7.20 Intervenor-Defendants repeat and incorporate by reference their responses to the above allegations.

7.21 The allegations of Paragraph 7.21 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

7.22 The allegations of Paragraph 7.22 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

7.23 The allegations of Paragraph 7.23 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

7.24 The allegations of Paragraph 7.24 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

7.25 The allegations of Paragraph 7.25 constitute a legal conclusion, to which no response is required. To the extent that a response is required, the allegations are denied.

## 8. REQUEST FOR RELIEF

The remaining allegations in the Complaint constitute Plaintiffs' request for relief, which requires no response. To the extent a response is required, Intervenor-Defendants deny that Plaintiffs are entitled to the requested relief or any relief. Judgment should be entered in favor of Defendants.

DATED:  October 19, 2020                                                    **HUNTON ANDREWS KURTH LLP**

By:    /s/ *Clare Ellis*
         Clare Ellis
         George P. Sibley, III
         Deidre Duncan

*Counsel for Intervenor-Defendants American Petroleum Institute and Interstate Natural Gas Association of America*

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, CA 94111